# United States Court of Appeals for the Federal Circuit

_____

**ECC INTERNATIONAL CONSTRUCTORS, LLC,**
*Appellant*

**v.**

**SECRETARY OF THE ARMY,**
*Appellee*

_____

2021-2323

_____

Appeal from the Armed Services Board of Contract Appeals in No. 59586, Administrative Judge Owen C. Wilson, Administrative Judge Richard Shackleford, Administrative Judge Timothy Paul McIlmail.

_____

Decided: August 22, 2023

_____

ROY DALE HOLMES, Cohen Seglias Pallas Greenhall & Furman, Philadelphia, PA, argued for appellant. Also represented by MICHAEL H. PAYNE.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

_____

Before PROST, LINN, and CUNNINGHAM, *Circuit Judges.*

PROST, *Circuit Judge.*

ECC International Constructors, LLC ("ECCI") appeals a decision of the Armed Services Board of Contract Appeals ("Board") dismissing its claim for lack of jurisdiction. The claim stems from a contract the U.S. Army Corps of Engineers ("USACE") awarded ECCI in 2010 to design and build a military compound in Afghanistan. In 2014, ECCI filed a claim seeking compensation for construction delays allegedly attributable to the government. After six years of unsuccessful settlement discussions between the government and ECCI, followed by a nine-day hearing on the merits before the Board, the government—three months after the hearing—moved to dismiss ECCI's claim for lack of subject-matter jurisdiction for failure to state a "sum certain." The Board granted the government's motion. ECCI appeals.

We consider sua sponte whether the requirement (as established by the Federal Acquisition Regulation ("FAR")) that claims submitted under the Contract Disputes Act ("CDA") state a "sum certain"—i.e., specify the precise dollar amount sought as relief—is jurisdictional. For the reasons below, we conclude that the sum-certain requirement is a nonjurisdictional rule subject to forfeiture. Accordingly, we reverse the Board's dismissal and remand for proceedings consistent with this opinion.

## BACKGROUND

We first outline the nature and consequences of jurisdictional rules before turning to the facts of this case.

## I

The Supreme Court in recent years has clarified the scope of the term "jurisdiction." "Jurisdiction, [the] Court has observed, is a word of many, too many, meanings." *Wilkins v. United States*, 143 S. Ct. 870, 875 (2023) (quoting

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006)). Increasingly, "the Court has undertaken to ward off profligate use of the term." *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1848 (2019) (cleaned up) (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). Properly construed, "the word 'jurisdictional' is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction)." *Id.* These rules are distinct from "nonjurisdictional claim-processing rules, which 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Id.* at 1849 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

"Characterizing a rule as a limit on subject-matter jurisdiction 'renders it unique in our adversarial system.'" *Id.* (quoting *Auburn*, 568 U.S. at 153). "Harsh consequences attend the jurisdictional brand." *Id.* (cleaned up). As the Supreme Court has noted, "[j]urisdictional rules may also result in the waste of judicial resources and may unfairly prejudice litigants." *Henderson*, 562 U.S. at 434. Because objections to subject-matter jurisdiction may be raised at any time, "a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction." *Id.* at 434–35. "Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction. And if the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted." *Id.* at 435. Further, "courts must enforce jurisdictional rules *sua sponte*, even in the face of a litigant's forfeiture or waiver." *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112 (2023).

"Because the consequences that attach to the jurisdictional label may be so drastic," the Supreme Court has "urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity."

*Henderson*, 562 U.S. at 435. In light of the Supreme Court's direction to "police this jurisdictional line," *Wilkins*, 143 S. Ct. at 876, we consider whether the FAR requirement to state a sum certain in bringing a claim under the CDA, 41 U.S.C. §§ 7101–7109, is indeed jurisdictional.

## II

This case presents facts that reflect the concerns underlying misapplication of the jurisdictional label.

In September 2010, the USACE awarded ECCI Contract No. W912ER-10-C-0054 to design and construct a Special Operations Forces Joint Operations Center compound at Mazar-e-Sharif, Afghanistan, for $29,186,338.00. Shortly after beginning work on the project, ECCI alleges it began experiencing delays. On February 12, 2014, ECCI submitted a request for equitable adjustment to the contracting officer pursuant to the CDA seeking $13,519,913.91 for 329 days of alleged government delays. J.A. 47. ECCI's claim asserted that "significant delays caused by the [g]overnment during the project, hindering [ECCI's] ability to efficiently complete the project[,] . . . . entitle ECCI to a time extension for the contract as well as financial compensation, as requested in accordance with the contract." J.A. 54.

ECCI structured its delay claim into three categories of government-caused delay: (1) delay in reviewing the 95% and 100% design submissions ("design delay"); (2) delay associated with directives to perform additional work beyond the scope of work or changed contract requirements ("additional work delay"); and (3) delay associated with changed security requirements ("security changes"). *Id.* The claim and its attachments included a chart summarizing the "total days of critical path impact experienced by ECCI and its primary subcontractors" each month, J.A. 150 (claim, Figure 34); a table breaking down the critical path impact days for various aspects of the 95% and 100% design submissions, J.A. 156–62 (Attachment A); and a cost estimate

report with estimates for direct costs (e.g., labor, labor overhead, equipment, and subcontractors), indirect costs (e.g., general and administrative expenses), and daily costs for each month in which delay occurred, J.A. 315–64 (Attachment W). Although ECCI's claim requested a contracting officer's final decision, ECCI did not receive a final decision from the contracting officer. ECCI accordingly considered the nonresponse a deemed denial of its claim.[1]

On October 23, 2014, ECCI filed an appeal with the Board, which docketed the appeal as ASBCA No. 59586. J.A. 1407. And so began a complex negotiation and litigation history. Soon after filing its appeal, ECCI entered settlement discussions with USACE, prompting the Board to initially stay the case through July 2015. After initial settlement conferences proved unfruitful, the Board lifted the stay. The parties then began discovery. J.A. 629.

The government next tried to narrow the scope of ECCI's claim. For example, in December 2016, the government sought to dismiss a discrete portion of ECCI's delay claim related to the fire suppression sprinkler system for failure to state a sum certain. J.A. 398–403; J.A. 625. Later, in 2019, the Board granted summary judgment to the government on other discrete issues, including ECCI's security changes claim, which this court affirmed. *ECC Int'l Constructors, LLC*, ASBCA No. 59138, 19-1 BCA ¶ 37,252, 2019 WL 495998 (Jan. 24, 2019), *aff'd*, 817 F. App'x 952 (Fed. Cir. 2020).

Meanwhile, even five years after ECCI submitted its claim, negotiation efforts continued. The parties engaged in an Alternative Dispute Resolution ("ADR") process with a Board judge serving as mediator in early September

---

[1]    A denial is implied from any failure by the contracting officer to issue a decision on a contract claim within the required time period. 41 U.S.C. § 7103(f)(5).

2019, followed by a second round of ADR in late September and early October 2019. These mediation attempts also proved unsuccessful.

From February 24, 2020, to March 6, 2020, six years after ECCI submitted its claim, the Board held a full hearing on the merits of the delay claim (ASBCA No. 59586), consolidated with a related claim arising out of the same contract (ASBCA No. 59643).[2] J.A. 615. ECCI states, and the government does not appear to dispute, that at no point before or during the nine-day hearing did the government or the Board raise any issue about the sum-certain requirement.[3]

On June 23, 2020, three months after the hearing and during post-hearing briefing, the government filed a motion to dismiss for lack of jurisdiction, arguing that ECCI's February 12, 2014 claim—filed over six years prior—failed to state a sum certain for each distinct claim. The government contended that ECCI's claimed delays for (1) the 95% and 100% design submissions and (2) other additional work each relied on their own set of operative facts, and therefore were separate claims requiring their own sum certain. ECCI lodged its objection to the government's motion in July 2020, arguing that the claim provides ample

---

[2]    Although consolidated for purposes of the hearing, the Board issued a separate decision in ASBCA No. 59643 partially dismissing that claim on jurisdictional grounds for failure to state a sum certain. *ECC Int'l Constructors, LLC*, ASBCA No. 59643, 21-1 BCA ¶ 37,967, 2021 WL 5561118 (Nov. 10, 2021). ECCI's appeal of that dismissal is docketed in this court as No. 22-1368.

[3]    Oral Arg. at 9:27–10:01, 27:41–28:10, No. 21-2323, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-2323_05052023.mp3. As stated, the government previously raised a sum-certain issue only for a discrete, minor portion of the claim. J.A. 398–403.

documentation showing common and related operative facts for each delay event.  J.A. 1891.

On May 17, 2021, the Board granted the government's motion and dismissed the overall claim.  *ECC Int'l Constructors, LLC*, ASBCA No. 59586, 2021 WL 2311891 (May 17, 2021) (J.A. 1–6).  The Board found that "ECCI's claim submission to the contracting officer sets forth a bottom-line sum certain, but does not set forth sums certain for any of the discrete sub-claims that comprise that submission." J.A. 4.  The Board concluded that the sub-claims "fall into two categories: (1) the 95% and 100% design submissions; and (2) other additional work or contract changes.  Each of these categories relies upon its own set of operative facts," and therefore requires a separate sum certain.  J.A. 4–5. The Board additionally found that the claim submission "breaks the $13,519,913.91 demand amount into cost elements (e.g., labor, labor overhead, equipment, etc.), but does not break it down by particular delay categories or events."  J.A. 2.  ECCI filed a motion for reconsideration alleging that the sum certain could be ascertained for each sub-claim using simple math based solely on the figures provided in its claim, attaching a Sum Certain Calculations Spreadsheet.  J.A. 596–606 (motion); J.A. 608–11 (spreadsheet).  On July 15, 2021, the Board rejected ECCI's motion for reconsideration.

ECCI appeals.  We directed the parties to address at oral argument and in supplemental briefing whether the sum-certain requirement is jurisdictional in light of recent Supreme Court precedent.  We now turn to that question.

## DISCUSSION

In the vast majority of cases, the distinction between whether the sum-certain requirement is jurisdictional or nonjurisdictional will be of little, if any, consequence.  As discussed below, there is no dispute that the need to state a sum certain in submitting a claim under the CDA is a mandatory rule provided for in the FAR.  In many cases,

we think it's fair to presume that a claim lacking a sum certain is promptly denied by the contracting officer or dismissed on appeal, allowing, if appropriate, the claimant to timely revise and refile its claim to specify the sum certain. This case is different, and reflects the draconian consequences of a jurisdictional rule: a late-filed motion challenging jurisdiction can thwart both the claimant's ability to recover and any opportunity to timely refile.

The unique facts of this case prompt us to reexamine the nature of the sum-certain requirement. We first turn to the Supreme Court's recent guidance that a clear statement from Congress is necessary to consider a rule jurisdictional and then proceed to analogize the sum-certain requirement to other rules the Supreme Court has deemed nonjurisdictional. We conclude by considering the potential for forfeiture of an objection relating to a nonjurisdictional rule.

I

To determine whether the sum-certain requirement is jurisdictional, our inquiry begins with the statute. "Congressional statutes are replete with directions to litigants that serve as preconditions to relief," such as filing deadlines, exhaustion requirements, or limitations "on a statute's scope, such as the elements of a plaintiff's claim for relief." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S. Ct. 927, 935–36 (2023) (cleaned up). "Congress can, if it chooses, make compliance with such rules 'important and mandatory.'" *Id.* at 936 (quoting *Henderson*, 562 U.S. at 435). "But knowing that much does not, in itself, make such rules jurisdictional." *Id.*

Instead, as instructed by the Supreme Court, we invoke a clear statement rule and "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Boechler, P.C. v. Comm'r*, 142 S. Ct. 1493, 1497 (2022) (quoting *Arbaugh*, 546 U.S. at 515). "Congress need not 'incant magic words,' but the 'traditional tools of

statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences.'" *Id.* (first quoting *Auburn*, 568 U.S. at 153; and then quoting *United States v. Wong*, 575 U.S. 402, 410 (2015)). The "statement must indeed be clear; it is insufficient that a jurisdictional reading is plausible, or even better, than nonjurisdictional alternatives." *MOAC*, 143 S. Ct. at 936 (cleaned up).

In this case, it could not be more evident that Congress has not provided a clear statement: the sum-certain requirement is not even in the CDA itself. The Contract Disputes Act of 1978, Pub. L. No. 95-563, 92 Stat. 2383, is currently codified at 41 U.S.C. §§ 7101–7109. Section 7103, titled "Decision by contracting officer," identifies the procedures by which either a contractor or the government submits claims under the statute:

(a) Claims generally.--

(1) Submission of contractor's claims to contracting officer.--Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision.

(2) Contractor's claims in writing.--Each claim by a contractor against the Federal Government relating to a contract shall be in writing.

(3) Contracting officer to decide Federal Government's claims.--Each claim by the Federal Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer.

(4) Time for submitting claims.--

> (A) In general.--Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim.

41 U.S.C. § 7103(a)(1)–(4).

Although § 7103(a) sets forth the requirements and timing for submitting a claim, it identifies no requirement that a claim must state a sum certain. In fact, not a single provision of § 7103 mentions the term "sum certain." *Id.* § 7103.[4]

The other statutory provisions of the CDA are no more instructive. Section 7101 of the statute, titled "Definitions," does not define the term "claim." *Id.* § 7101. Nor does it define, or even mention, a sum certain. *Id.* Section 7102 establishes the applicability of the chapter, which has no bearing on the sum certain. *Id.* § 7102. Section 7104, titled "Contractor's right of appeal from decision by contracting officer," permits a contractor to appeal a contracting officer's decision "to an agency board" or to "bring an action directly on the claim in the United States

---

[4] Admittedly, § 7103(b), which applies to claims over $100,000, requires contractors to certify that "the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable." *Id.* § 7103(b)(1)(C). But that requirement merely ensures that the contractor submits an accurate, good-faith monetary request to the government; it does not require any particular degree of specificity in the claim. Neither party has argued that this provision is akin to the sum-certain requirement at issue.

Court of Federal Claims." *Id.* § 7104. Again, although the provision uses the word "claim," it does not define what a claim is or identify what stating a claim requires. The remaining sections of the CDA, in turn: establish the agency boards of contract appeals, *id.* § 7105; prescribe agency board procedures for accelerated and small claims, *id.* § 7106; provide for judicial review of agency board decisions, *id.* § 7107; provide for payment of claims, *id.* § 7108; and address payment of interest, *id.* § 7109. None of those provisions mention a sum certain or explicitly define it as part of a claim.

In fact, this court has long recognized that the CDA does not define the elements of a claim; instead, we have looked to the FAR for guidance. *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1359 (Fed. Cir. 2018) ("Because the CDA does not define 'claim,' we look to the [FAR] . . . ."); *Northrop Grumman Computing Sys., Inc. v. United States*, 709 F.3d 1107, 1112 (Fed. Cir. 2013) (explaining that "[t]he CDA establishes some prerequisites for a valid claim," such as that it be in writing, but the court assesses "whether a claim is valid based on the [FAR], the language of the contract in dispute, and the facts of the case"); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (en banc) ("[T]he CDA itself does not define the term 'claim.'").

The FAR defines a claim in two instances. First, FAR part 2, a general definitions section, defines a claim as:

> a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the *payment of money in a sum certain*, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

FAR 2.101 (emphasis added). Second, FAR 52.233-1, which addresses contract disputes, provides an identical definition, including "the payment of money in a sum certain." FAR 52.233-1(c).

It's true, as the government points out, that our prior cases have identified the sum-certain requirement as jurisdictional because the FAR defines a claim as a written demand that seeks payment of money in a sum certain. *Securiforce*, 879 F.3d at 1359. We most recently referred to the sum-certain requirement as jurisdictional in *Creative Management Services, LLC v. United States*, 989 F.3d 955 (Fed. Cir. 2021).[5] In recent and intervening years, however, the Supreme Court has provided significant additional guidance to clarify when rules should be considered jurisdictional. For example, the Supreme Court recently emphasized its clear statement rule in *MOAC*, under which we must inquire whether *Congress* has clearly stated that a requirement bears on a court's jurisdiction. *MOAC*, 143 S. Ct. at 936 ("[W]e only treat a provision as jurisdictional if *Congress* clearly states as much." (emphasis added) (cleaned up)). Our prior cases that did not cite to any statutory language and relied solely on the FAR definition of a claim to deem the sum-certain requirement jurisdictional no longer control in light of recent Supreme Court guidance.[6]

---

[5]    Although our opinion in *Creative Management* discusses the sum-certain requirement and points to the FAR definition of a claim as the basis for the requirement, the decision in that case did not turn on whether the sum-certain requirement is jurisdictional. *Creative Mgmt.*, 989 F.3d at 963 (affirming dismissal of declaratory judgment action as untimely).

[6]    *See Cal. Inst. of Tech. v. Broadcom, Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (declining to follow prior decisions in light of later guidance from the Supreme Court). Notably, other panels of our court have recently recognized this clarification in Supreme Court guidance on jurisdiction. *See CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151 (Fed. Cir. 2023) (revisiting the interested-party

ECC INTERNATIONAL CONSTRUCTORS, LLC v.
SECRETARY OF THE ARMY

13

Supreme Court precedent, and in particular the principles articulated in recent Supreme Court decisions, reflects that rules outside the statutory text are not jurisdictional.[7] In *Hamer*, the Supreme Court held that a court-made rule regarding the time for filing an appeal is not jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 22 (2017). The Court explained that the relevant time limit "qualifies as jurisdictional only if Congress sets the time." *Id.* at 17. In that case, nothing in 28 U.S.C. § 2107 limited a potential extension of time to file a notice of appeal when the judgment loser received notice of the entry of judgment; but Federal Rule of Appellate Procedure 4(a)(5)(C) did "limit[] extensions of time to file a notice of appeal in *all* circumstances." *Id.* at 19. The Court recognized that "Rule 4(a)(5)(C)'s limit on extensions of time appears nowhere in the text of § 2107(c)." *Id.* at 20. The Court emphasized that if the relevant provision "appears in a statute, the limitation is jurisdictional . . . otherwise, the time specification fits within the claim-processing category." *Id.* The Court therefore concluded that "[b]ecause Rule 4(a)(5)(C), not § 2107, limits the length of the extension granted here, the time prescription is not jurisdictional." *Id.* at 21.

The Court's clear statement rule, as exemplified by *Hamer*, requires the same conclusion here. The CDA itself does not require a claim to state a sum certain. Instead, our prior cases have looked outside the statute to the FAR

---

requirement for bid protests and concluding it is not jurisdictional); *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235–36 (Fed. Cir. 2019) (same regarding our prior treatment of 35 U.S.C. § 281 as jurisdictional).

[7]    The case before us is not one in which Congress delegated rulemaking authority to an agency with an express grant or limit of the agency's jurisdiction over certain matters.

to articulate the various requirements for a claim.  If Congress intended for the sum-certain requirement to be jurisdictional, it could have made such a statement in the statute itself.  It did not.

The parties, in large part, do not dispute that Congress has not expressly spoken to the sum-certain requirement. The government has not pointed to any statutory text requiring a sum certain.  The statutory text is simply not there.  Instead, the government urges us to find the sum-certain requirement jurisdictional based on other considerations.

First, the government argues that absent a statutory definition, the court "construes 'a statutory term in accordance with its ordinary meaning,'" and that here, "[t]he ordinary meaning of 'claim' in the context of the CDA requires a demand for a sum certain."  Appellee's Suppl. Br. 12 (citing *ClearCorrect Operating, LLC v. ITC*, 810 F.3d 1283 (Fed. Cir. 2015)).  It notes this court's observation in *Reflectone* that the ordinary meaning of the term "claim" is "a demand for something due or believed to be due," and, to the extent the claim seeks money, the "dictionary definition of 'claim' supports . . . the requirement that the money be sought as a matter of right." *Reflectone*, 60 F.3d at 1576. According to the government, this court "has thus properly grounded the sum-certain requirement in the ordinary meaning of the jurisdictionally-required statutory term." Appellee's Suppl. Br. 13.  The government further argues that the FAR definition of a claim merely mirrors the ordinary meaning of the term.

While we agree generally that courts may consider the ordinary meaning of terms in a statute, the Supreme Court has instructed that the "traditional tools of statutory construction must *plainly show* that Congress imbued a procedural bar with jurisdictional consequences." *Boechler*, 142 S. Ct. at 1497 (emphasis added) (quoting *Wong*, 575 U.S. at 410).  Again, "the statement must indeed be clear; it is

insufficient that a jurisdictional reading is plausible." *MOAC*, 143 S. Ct. at 936 (cleaned up). Here, the term "claim" *can* mean, in an ordinary sense, a demand for relief that includes a specific monetary request. But such a definition—even if it applied—does not equate to the FAR's more robust sum-certain rule that, as the rule has been interpreted, requires a sum certain for each sub-claim. Further, a claim does not always seek monetary relief at all. *See* FAR 2.101 ("Claim means a written demand" seeking "the payment of money in a sum certain, *the adjustment or interpretation of contract terms, or other relief* arising under or relating to the contract" (emphasis added)). Indeed, the court in *Reflectone* recognized this distinction. *Reflectone*, 60 F.3d at 1576 (noting that "the FAR requires a 'claim' to be a written demand seeking a sum certain (or other contract relief) as a matter of right . . . [which] is consistent with the ordinary meaning of the term 'claim': 'a demand for something due or believed to be due.'" (quoting *Webster's Ninth New Collegiate Dictionary* 244 (1990))). We are not convinced that Congress demonstrated any intention for the sum-certain requirement to delineate the jurisdiction of the boards or courts when a sum certain is not necessarily an inherent part of every claim.

Our conclusion is buttressed by the fact that Congress specifically identified some core aspects of a claim in the statute but omitted mention of the sum certain. The CDA establishes that "[e]ach claim by a contractor against the Federal Government relating to a contract shall be in writing." 41 U.S.C. § 7103. The FAR includes this same requirement, defining a claim as a "written demand." FAR 2.101; *id.* 52.233-1(c). But Congress did not go as far as the implementing regulations in defining the required elements of a claim, and Congress has not since elected to add additional statutory requirements in light of the FAR's more demanding definition. Even if the FAR definition is premised on the ordinary meaning of the term "claim,"

Congress has not adopted the full scope of the FAR definition.

Second, the government points to two surrounding statutory provisions (both of which identify a monetary threshold) to support its argument that a written claim that includes no demand for a sum certain cannot be a jurisdictionally required CDA claim. Appellee's Suppl. Br. 13–14. First, it argues that because "section 7103(f)(1) establishes different rules governing the time in which the contracting officer must issue a decision, depending on whether the claim is for '$100,000 or less' or 'more than $100,000,'" "[t]hese provisions make sense only if the claim includes a sum certain." *Id.* at 14 (citing 41 U.S.C. § 7103(f)(1)–(2)). Second, it points to § 7103(b), which requires contractors to certify claims over $100,000, arguing that "[u]nless the underlying claim is required to demand a sum certain, the certification requirement would be impossible to enforce." *Id.* (citing 41 U.S.C. § 7103(b)). We think the government's concerns are misplaced. The cited provisions require notice only of the general amount of a claim, a lower standard than the sum-certain requirement. Here, for example, the government has not argued that ECCI's request for $13 million in relief failed to put the contracting officer on notice of the general amount of the claim. Moreover, whether or not the sum-certain requirement is jurisdictional, it is nonetheless a mandatory rule that claimants must follow. A claim seeking monetary relief must include a sum certain that advises the contracting officer of the nature and amount of the relief sought. Because the requirement is mandatory, understanding the sum certain as nonjurisdictional does not impact the contracting officer's ability to address the claim in the appropriate timeframe or to ascertain whether the contractor has met the certification requirement.

Third, the government argues that unlike in "*Wilkins* and *MOAC*, in which the statutes under consideration were not linked to the relevant jurisdictional provisions,"

"section 7104 is tied to, and incorporates, section 7103 and its claim requirements." *Id.* at 7 & n.3 (citing *Wilkins*, 143 S. Ct. at 872; *MOAC*, 143 S. Ct. at 937–38). Specifically, the government argues that § 7103 requires a contracting officer to decide a "*claim* by a contractor," and § 7104, the jurisdictional hook, references that claim by permitting a contractor to appeal "a contracting officer's decision [on the claim] under [§] 7103." *Id.* at 6–7 (citing 41 U.S.C. §§ 7103(a), 7104(a)).[8] We disagree because, as discussed above, although the statute links the *claim* in § 7103 to the jurisdictional hook of § 7104, there is no statutory language linking the *sum certain* to § 7104.

Accordingly, we conclude that Congress did not clearly state that a claim submitted under the CDA must include a sum certain in order for the Board or a court to exercise jurisdiction.

## II

Even if there were any doubt whether Congress intended for the sum-certain requirement to be jurisdictional, our view that the sum-certain requirement is nonjurisdictional is further reinforced by recent Supreme Court precedent.

## A

We turn first to our conclusion that the sum-certain requirement is analogous to other nonjurisdictional rules.

Courts have "characterized as nonjurisdictional an array of mandatory claim-processing rules and other preconditions to relief." *Fort Bend*, 139 S. Ct. at 1849 (collecting cases). These rules include, for example, filing deadlines; preconditions to suit, like exhaustion requirements; or the

---

[8]    As previously noted, it is possible for a contractor to pursue an appeal without a final decision by a contracting officer, as was true in this case. 41 U.S.C. § 7103(f)(5).

elements of a plaintiff's claim for relief. *MOAC*, 143 S. Ct. at 935–36. These rules are "important and mandatory," but they are not jurisdictional. *Id.* at 936 (cleaned up).

Although many of the rules the Supreme Court has considered in recent years involve filing deadlines or other time limitations, the Court has considered numerous cases involving non-timing nonjurisdictional rules more analogous to the sum-certain requirement here. *See, e.g., Santos-Zacaria*, 143 S. Ct. at 1114 (exhaustion); *Fort Bend*, 139 S. Ct. at 1850 (exhaustion); *EPA v. EME Homer City Generation, L.P.*, 572 U.S. 489, 511 (2014) (requirement to raise objections to rulemaking with reasonable specificity during comment period); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (requirement to indicate specific issue in certificate of appealability).

In particular, we find instructive *Arbaugh*, where the Court articulated a "distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." 546 U.S. at 503. The plaintiff in *Arbaugh* brought a Title VII action charging sexual harassment. Title VII contains an "employee-numerosity" requirement, under which only employers with 15 or more employees are subject to suit under Title VII. Although the employer, Y & H, did not raise the employee-numerosity requirement before or at trial, it filed a motion to dismiss for lack of subject-matter jurisdiction two weeks after a jury verdict in the plaintiff's favor, which the trial court granted and the Fifth Circuit affirmed. *Id.* at 509. In reversing and remanding, the Court explained that the employee-numerosity requirement was not identified in Title VII's jurisdictional provision but instead "appears in a separate provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the . . . courts.'" *Id.* at 515 (citation omitted). The Court held that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as

nonjurisdictional in character." *Id.* at 516. In "[a]pplying that readily administrable bright line," it held that the employee-numerosity requirement of Title VII "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.*

The same analysis controls here. Because the sum-certain requirement does not appear in the CDA, we treat the requirement as nonjurisdictional under the Court's bright-line rule. Under that rubric, the sum-certain requirement is an element of a claim for relief—in other words, it is an element of a CDA claim that a claimant must satisfy in order to recover—rather than a jurisdictional rule that a party could challenge after a trial on the merits. The requirement is no less mandatory under this framework; it does not, however, control the jurisdiction of the boards or courts.[9]

The government acknowledges recent case law in our sister circuits interpreting analogous sum-certain requirements outside of the CDA as nonjurisdictional. For example, in *Copen v. United States*, the Sixth Circuit held that the Federal Tort Claims Act ("FTCA") sum-certain requirement is not jurisdictional. 3 F.4th 875, 880–82 (6th Cir. 2021) ("[N]either governing precedent nor the structure of the statute support the conclusion that Congress has plainly attached a jurisdictional label to the sum certain requirement in [28 U.S.C.] § 2675(b)."). In doing so, the court recognized a change in the law based on Supreme Court guidance and overturned its precedent. *Id.* at 880–

---

[9] We have previously observed that although the requirement is mandatory, "[t]he law does not require that a CDA claim identify a precise monetary amount to state a 'sum certain.'" *Creative Mgmt.*, 989 F.3d at 962. The primary requirement is that the claim provide the other contracting party with adequate notice of the basis and amount of the claim. *Id.*

81 (recognizing that the Sixth Circuit "has long referred to these procedures as jurisdictional prerequisites to filing suit" but concluding that the Supreme Court has since "had more to say" about jurisdictional rules).  Although the government cites cases in two other circuits interpreting that same FTCA requirement as jurisdictional, the government's two examples both predate the Supreme Court's most recent efforts to rein in use of the jurisdictional label. Appellee's Suppl. Br. 15 n.7 (citing *White-Squire v. USPS*, 592 F.3d 453, 457 (3d Cir. 2010); *Mader v. United States*, 654 F.3d 794, 805–07 (8th Cir. 2011) (en banc)).

The close similarity between the sum-certain requirement and other requirements the Supreme Court has deemed nonjurisdictional leads us to conclude that the sum-certain requirement fits comfortably within the class of mandatory, nonjurisdictional claim-processing rules that concern the elements of a claim.

B

Having concluded that the sum-certain requirement is analogous to other rules the Supreme Court has termed nonjurisdictional, we address the government's remaining arguments as to why we should nonetheless consider the requirement jurisdictional.  We note at the outset that a rule should be referred to as jurisdictional only if it "governs a court's adjudicatory capacity." *Henderson*, 562 U.S. at 435.  "Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *Id.*

The government argues that "[t]he CDA claim requirement falls on the jurisdictional side of the line because it defines the class of cases the board is 'competent to adjudicate,'" noting in particular that the CDA is a statute waiving sovereign immunity, which must be strictly construed. Appellee's Suppl. Br. 5 (citing *MOAC*, 132 S. Ct. at 937). Because the waiver of sovereign immunity is limited to valid claims, the government argues, CDA jurisdiction

requires a contracting officer's decision on a valid CDA *claim*. *Id*. at 5–6.

We agree that the CDA grants the boards and Court of Federal Claims jurisdiction over claims. Section 7105(e) defines the jurisdiction of the various boards of contract appeals. 41 U.S.C. § 7105.[10] Relevant here, the statute provides: "The Armed Services Board has jurisdiction to decide any appeal from a decision of a contracting officer . . . relative to a contract made by that department or agency." *Id*. § 7105(e)(1)(a). That "decision of a contracting officer" is, as the government argues, a decision on a claim. Appellee's Suppl. Br. 6 (citing 41 U.S.C. §§ 7103, 7104). But, as we have explained, the crux of that grant of jurisdiction is the *claim*—not the sum-certain requirement. In other words, the Board has jurisdiction when a claim has been submitted according to the procedures delineated in the CDA itself—for example, the requirement that the claim be a demand in writing. 41 U.S.C. § 7103(a)(2). A claim that complies with the statute's requirements is a proper claim for jurisdictional purposes, irrespective of additional regulatory requirements that Congress has not imbued with jurisdictional weight.

Here, the Board had jurisdiction over ECCI's claim because ECCI submitted a written claim to the contracting officer and appealed the deemed denial to the Board. ECCI's claim sought a sum of roughly $13 million. J.A. 1. The sufficiency of a sum certain in a given case is a matter for the Board to explore on the merits. While a deficient sum certain may in some circumstances be a reason to reject all or part of a claim, it does not mean the Board lacks jurisdiction entirely. As the government recognizes, Congress created the Board specifically to review CDA claims.

---

[10] The Court of Federal Claims has jurisdiction over CDA claims pursuant to 28 U.S.C. § 1491(a)(2) and 41 U.S.C. § 7104(b).

41 U.S.C. § 7105(a)(1); Appellee's Suppl. Br. 10. When a claimant presents a statutorily valid CDA claim subject to disagreement on the merits whether the claim comprises one or multiple claims each requiring a sum certain, the fact that the party "got it wrong" by organizing its sub-claims in a manner different from how the Board would sub-divide the claims does not mean that the Board lacks authority to hear the case; it speaks instead to a factual dispute on the merits.[11] *See Gonzalez*, 565 U.S. at 143 ("[T]he failure to obtain a [certificate of appealability ('COA')] is jurisdictional, while a COA's failure to indicate an issue is not. A defective COA is not equivalent to the lack of any COA."); *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (describing a factual inquiry where "[t]o determine whether two or more separate claims, or only a fragmented single claim, exists, the court must assess whether or not the claims are based on a common or related set of operative facts").

Indeed, although the government concentrates on the fact that a proper claim is required for jurisdiction to exist, the sum-certain requirement is no less mandatory for its being nonjurisdictional, as we have stressed throughout. There is no incentive for a contractor or the government to omit the sum certain knowing its claim could be dismissed for failure to state a claim. *See Fort Bend*, 139 S. Ct. at 1851 ("[R]ecognizing that the charge-filing requirement is nonjurisdictional gives plaintiffs scant incentive to skirt the instruction. Defendants, after all, have good reason

---

[11]    Oral Arg. at 13:50–15:00, No. 22-1368, available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1368_05052023.mp3 (discussing potential instances in which the Board and a litigant may disagree on how broader claims should best be divided into distinct claims, each requiring a sum certain).

promptly to raise an objection that may rid them of the lawsuit filed against them.").

From a sovereign-immunity perspective, the analysis is no different. Although waivers of sovereign immunity are to be construed narrowly, the CDA clearly waives the United States' sovereign immunity with respect to a claim. To consider the sum-certain requirement jurisdictional could potentially narrow the government's waiver by excluding some portion of claims with defective requests for monetary relief. But we do not find that this narrowing function justifies considering an otherwise nonjurisdictional provision to be jurisdictional.[12]

Lastly, the government argues that "[t]he CDA claim requirement is analogous to other jurisdictional requirements in specialized tribunals," pointing to the jurisdiction of the Merit Systems Protection Board ("MSPB") and International Trade Commission ("ITC"). Appellee's Suppl. Br. 8–9 (citing *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) and *ClearCorrect*, 810 F.3d at 1286). We are not convinced that either of the government's two examples—the "question of whether a personnel action . . . qualifies as an 'adverse action' or whether an import qualifies as an 'article,'" *id.*—are directly analogous to the facts here.[13]

---

[12]  *See Copen*, 3 F.4th at 880–82 (finding the FTCA sum-certain requirement nonjurisdictional despite the FTCA's waiver of sovereign immunity); *see also M.R. Pittman Grp., LLC v. United States*, 68 F.4th 1275, 1280–81 (Fed. Cir. 2023) (finding in the bid protest context that the *Blue & Gold* waiver rule requiring offerors to object to a patent error in a solicitation prior to its close is nonjurisdictional, even though 28 U.S.C. § 1491(b)(1) waives the government's sovereign immunity for bid protests).

[13]  For the statutory scheme at issue in *Kloeckner*, an adverse action must be "particularly serious" for the

\*    \*    \*

For the foregoing reasons, including guidance from recent Supreme Court precedent, the requirement to state a sum certain in submitting a claim under the CDA is a nonjurisdictional requirement.

## III

We turn now to the implications of our holding that the sum-certain requirement is nonjurisdictional.

Notably, as we have said, in the vast majority of cases the distinction between whether the sum-certain requirement is jurisdictional or nonjurisdictional will be of little consequence because the FAR mandates a sum certain for claims seeking monetary relief. In many cases, the contracting officer might promptly dispose of a claim that fails to set forth a sum certain with sufficient specificity or require the contractor to modify the claim. Or the issue might be addressed early in an appeal. Here, the distinction makes all the difference based on the government's late-filed motion to dismiss. In this case, the Board's interpretation of the sum-certain requirement as jurisdictional

---

affected employee to appeal the agency's decision to the MSPB. There, the statute defines what makes an adverse action "particularly serious," in contrast to the lack of a statutory definition for a claim here. *Kloeckner*, 568 U.S. at 44 (citing 5 U.S.C. §§ 1204, 7512, 7701); *id.* at 44 n.1 ("The actions entitling an employee to appeal a case to the MSPB include '(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough.'" (citing 5 U.S.C. § 7512)). In *ClearCorrect*, the court defined "articles" using the term's ordinary meaning and concluded that "Congress's unambiguously expressed intent was for 'articles' to mean 'material things.'" *ClearCorrect*, 810 F.3d at 1293–94.

required it to dismiss ECCI's claim after much time, effort, and expense for both the litigating parties and the Board.

The same treatment is not required when the rule is properly construed as nonjurisdictional. Unlike "challenges to subject-matter jurisdiction," which the defendant may raise at any point in the litigation and which courts must consider sua sponte, "an objection based on a mandatory claim-processing rule may be forfeited" if the party waits too long to invoke the rule. *Fort Bend*, 139 S. Ct. at 1849 (first quoting *Gonzalez*, 565 U.S. at 141; and then citing *Eberhart v. United States*, 546 U.S. 12, 15 (2005)); *see also Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019) ("Because [the requirement] is found in a procedural rule, not a statute, it is properly classified as a nonjurisdictional claim-processing rule. It therefore can be waived or forfeited by an opposing party." (cleaned up)).[14]

The Supreme Court has not articulated in the nonjurisdictional rule context precisely how long is "too long" for a party to delay in raising objections before forfeiture comes into play. In *Arbaugh*, discussed above, the defendant challenged subject-matter jurisdiction two weeks after a jury trial and the trial court's entry of judgment. 546 U.S. at 504, 508. The Court explained that "if the lower courts' subject-matter jurisdiction characterization is incorrect, and the issue, instead, concerns the merits of [the plaintiff's] case, then [the defendant] raised the [relevant] requirement too late." *Id.* at 510. Similarly, in *Kontrick v. Ryan*, the Court found forfeiture applicable where a party waited to invoke a rule until after the court decided the

---

[14] "The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." *Hamer*, 138 S. Ct. at 13 n.2 (cleaned up). We refer here to forfeiture.

merits of the issue, having failed to raise the defense even as "far into the litigation" as the summary judgment stage. 540 U.S. 443, 459 (2004). The Court explained that "a debtor forfeits the right to rely on [Bankruptcy] Rule 4004 if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge." *Id.* at 447. The Court further explained that "[e]ven if a defense based on Bankruptcy Rule 4004 could be equated to 'failure to state a claim upon which relief can be granted,' the issue could be raised, at the latest, 'at the trial on the merits.'" *Id.* at 459 (quoting Fed. R. Civ. P. 12(h)(2)).

The question here remains as to whether the government waited too long to raise doubts about whether ECCI stated a sum certain for each distinct claim. ECCI submitted its claim to the contracting officer in February 2014. It then appealed the deemed denial of its claim to the Board in October 2014. The government did challenge a minor, discrete portion of ECCI's claim on jurisdictional grounds in December 2016. But the government did not raise its more general challenge to the sufficiency of ECCI's sum certain until *six years* after ECCI submitted its claim, waiting until after settlement discussions, discovery, ADR with a Board judge, summary judgment briefing, an appeal to this court on a specific sub-issue, and a nine-day hearing on the merits in June 2020. Indeed, the government waited until the Board was poised to finally decide the case on the merits to challenge jurisdiction. As ECCI notes, the government's motion additionally came after the CDA's six-year statute of limitations had run, leaving ECCI with no recourse to refile with the contracting officer a new claim with a revised sum certain. 41 U.S.C. § 7103(a)(4)(A); Appellant's Suppl. Br. 11. We remand for the Board to consider these facts as well as any additional arguments by the parties concerning the government's potential

forfeiture of its right to challenge whether ECCI's claim stated an appropriate sum certain.[15]

To summarize, it is mandatory for a party submitting a claim under the CDA seeking monetary relief to include a sum certain indicating for each distinct claim the specific amount sought as relief. A claim that does not state a sum certain has not sufficiently pleaded the elements of a claim under the CDA and may be denied by the contracting officer and dismissed on appeal to the boards or Court of Federal Claims for failure to state a claim. If a party challenges a deficient sum certain after litigation has far progressed, however, that defense may be deemed forfeited.

## CONCLUSION

For the foregoing reasons, the requirement to state a sum certain in submitting a claim under the CDA is a mandatory, nonjurisdictional requirement subject to forfeiture. We reverse the Board's dismissal of ECCI's claim and remand to the Board to evaluate whether the government forfeited its right to challenge ECCI's satisfaction of the sum-certain requirement, and, if it did, to consider ECCI's case on the merits.

**REVERSED AND REMANDED**

---

[15]   ECCI has not forfeited its ability to argue that the government forfeited a sum-certain challenge. *See, e.g., In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017). Because the sum-certain requirement was previously a question of subject-matter jurisdiction that could be raised at any stage of the litigation, ECCI had no reason to raise a forfeiture defense. Our holding today that the sum-certain requirement is nonjurisdictional permits ECCI to argue the government forfeited its sum-certain challenge.

COSTS

No costs.