ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| JE Dunn Construction Company | ) | ASBCA No. 63183 |
| | ) | |
| Under Contract No. W9127S-17-D-6003 | ) | |

APPEARANCES FOR THE APPELLANT:      Nicholas T. Solosky, Esq.
　　　　　　　　　　　　　　　　　　　Reginald M. Jones, Esq.
　　　　　　　　　　　　　　　　　　　Morgan M. Tapp, Esq.
　　　　　　　　　　　　　　　　　　　　Fox Rothschild LLP
　　　　　　　　　　　　　　　　　　　　Washington, DC

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
　　　　　　　　　　　　　　　　　　　　Engineer Chief Trial Attorney
　　　　　　　　　　　　　　　　　　　Michael T. Geiselhart, Esq.
　　　　　　　　　　　　　　　　　　　　Engineer Trial Attorney
　　　　　　　　　　　　　　　　　　　　U.S. Army Engineer District, Jacksonville

　　　　　　　　　　　　　　　　　　　Allen S. Black, Esq.
　　　　　　　　　　　　　　　　　　　　Engineer Trial Attorneys
　　　　　　　　　　　　　　　　　　　　U.S. Army Engineer District, Little Rock

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The government requests reconsideration of our recent decision denying the government's motion to dismiss this appeal for lack of jurisdiction, or for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), which motion alleged that appellant did not present to the contracting officer separate sums certain for the three components of its appeal. We concluded that "[h]aving waited until after the hearing on the merits to request dismissal, on sum-certain grounds, for lack of jurisdiction or failure to state a claim upon which relief can be granted, the government forfeited its right to challenge [appellant's] satisfaction of the sum-certain requirement." *JE Dunn Constr. Co.*, ASBCA No. 63183, 2023 WL 9054358 (Dec. 13, 2023). We have not requested a response from appellant. *See John Shaw LLC d/b/a Shaw Bldg. Maint.*, ASBCA No. 61379, 18-1 BCA ¶ 37,026 at 180,294.

The government's 18-page motion for reconsideration is essentially a more fulsome explanation of the position it set forth in the three pages that it originally filed in response to our request for briefing of the effect of *ECC Int'l Constructors, LLC v.*

*Sec'y of Army*, 79 F.4th 1364 (Fed. Cir. 2023), upon this appeal. We will not disturb an earlier decision where the losing side presents essentially the same arguments as before, or arguments that might have been made, however more intense is the new attempt. *See Quality Trust Inc.*, ASBCA No. 59983, 16-1 BCA ¶ 36,424 at 177,572; *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. The only component of the government's motion that we find merits express response is the contention that we "treated the sum-certain requirement as an affirmative defense that must be raised by [the government] rather than being raised sua sponte by the Board."[*] We take it that the bottom-line question is whether the government must have *affirmatively* challenged appellant's satisfaction of the sum certain requirement no later than during the hearing on the merits, or forfeit its right to that challenge. The answer is yes. The motion for reconsideration is denied.

Dated: January 22, 2024

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] Gov't mot. at 1.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63183, Appeal of JE Dunn Construction Company, rendered in conformance with the Board's Charter.

Dated:  January 23, 2024

*for* Jammye D. Abbott

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals