DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| GE Renewables US, LLC | ) | ASBCA No. 63842 |
| | ) | |
| Under Contract No. W91278-21-C-0010 | ) | |

APPEARANCES FOR THE APPELLANT:    Dawn-Carole Harris, Esq.
Ken Algiene, Esq.
  Counsel

Daniel J. Cook, Esq.
Thomas E. Daley, Esq.
  DLA Piper LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Kaley E. Angus, Esq.
Kristine M. Knodel, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Mobile

OPINION BY ADMINISTRATIVE JUDGE SWEET ON THE GOVERNMENT'S
MOTION TO DIMISS

The appellant GE Renewable US, LLC (GE) seeks a declaration that it has the right to pursue a price adjustment under an economic price adjustment clause. The United States Army Corps of Engineers (government) moves to dismiss for failure to state a claim (Motion), arguing that GE has failed to state a sum certain for what is essentially a monetary claim. GE argues that the government forfeited that defense because the litigation had far progressed when it filed the Motion. In the alternative, GE argues that the Motion is meritless because its claim merely raises an issue of contract interpretation that does not require it to state a sum certain.

For the reasons discussed below, we conclude that the government has not forfeited the Motion because litigation only had progressed to the discovery phase

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

when GE filed the Motion.  Moreover, the Motion has merit.  Because the only significant consequence of a declaration that GE has the right to seek a price adjustment under an economic price adjustment clause would be a price adjustment—as opposed to a change in contract performance or the avoidance of costs—the claim is essentially monetary.  As a result, the claim had to state a sum certain.  However, based upon a review of the record, the claim did not state a sum certain.  Thus, we dismiss the appeal without prejudice for failure to state a claim.[1]

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION[2]

1.  On March 29, 2021, the government awarded Contract No. W91278-21-C-0010 (Contract) to GE (compl. ¶ 25).  The Contract incorporated by reference Federal Acquisition Regulation (FAR) 52.216-4, ECONOMIC PRICE ADJUSTMENT—LABOR AND MATERIAL (JAN 2017) (compl. ¶ 26).  FAR 52.216-4 stated that:

> (a)The Contractor shall notify the Contracting Officer (CO) if, at any time during contract performance, the rates of pay for labor (including fringe benefits) or the unit prices for material shown in the Schedule either increase or decrease. . . . The notice shall include the Contractor's proposal for an adjustment in the contract unit prices to be negotiated under paragraph (b) of this clause, and shall include, in the form required by the CO, supporting data explaining the cause, effective date, and amount of the increase or decrease and the amount of the Contractor's adjustment proposal.
>
> (b)Promptly after the CO receives the notice and data under paragraph (a) of this clause, the CO and the Contractor shall negotiate a price adjustment in the contract unit prices and its effective date.

48 C.F.R. § 52.216-4.

---

[1] Because we dismiss for failure to state a claim, we need not—and do not—address the government's alternative argument that GE failed to certify its claim, which purportedly exceeded $100,000 (mot. 7-8).

[2] For purposes of deciding this motion only, we accept the factual allegations in the complaint and the claim as true.

2

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

2. On June 23, 2022, GE sent a written notification to the government of its intent to pursue a price adjustment under the Economic Price Adjustment Clause (EPA) (compl. ¶ 31). The government rejected a price adjustment on the grounds that EPAs do not apply to construction contracts such as the Contract (*id.* ¶¶ 33, 35, 37).

3. On December 6, 2023, GE submitted a "merit-only" claim, asserting that "there is no quantum" (R4, tab 1 at 1). Under the "relief sought" section, the claim indicated that "GE requests that the CO determine that FAR 52.216-4 is enforceable and GE has a right to an adjustment under the clause. GE further requests that the CO direct the parties to enter into negotiations for a bilateral modification to resolve the issue." The claim did not seek a sum certain. (*Id.* at 7)

4. On February 5, 2024, the CO issued a final decision denying the claim (compl. ¶ 39).

5. This appeal followed. Like the claim, the complaint indicates that this is a merit-only appeal for contract interpretation, and does not seek a sum certain (compl. at 10).

6. On March 21, 2025, the government filed the Motion. Under the scheduling order in effect at the time, discovery was to close on April 7, 2025 (Bd. corr. ltr. dtd. January 27, 2025).

<u>DECISION</u>

The government has not forfeited its right to bring the Motion. Moreover, the Motion has merit. GE fails to state a claim because its claim is essentially a monetary claim, but lacks a sum certain.

I. <u>The Motion to Dismiss Is Timely</u>

The government has not forfeited the Motion. The Contract Disputes Act (CDA), 41 U.S.C. §§ 7101 *et seq.*, requires a contractor to submit a claim as a jurisdictional prerequisite to filing an appeal to the Board. *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575 (Fed. Cir. 1995) (en banc). However, the CDA does not define the term "claim." 41 U.S.C. §§ 7101 *et seq.* Nevertheless, the FAR defines a claim as, a "written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the

3

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

contract." 48 C.F.R. § 2.101. Thus, the United States Court of Appeals for the Federal Circuit has recognized that, while the requirement is not jurisdictional:

> [I]t is mandatory for a party submitting a claim under the CDA seeking monetary relief to include a sum certain indicating for each distinct claim the specific amount sought as relief. . . . If a party challenges a deficient sum certain after litigation has far progressed, however, that defense may be deemed forfeited.

*ECC Int'l Constructors, LLC v. Sec'y of Army*, 79 F.4th 1364, 1380 (Fed. Cir. 2023) (holding that the government forfeited a lack of a sum certain defense by not raising it until after a hearing on the merits). In particular, we have held that the government had not forfeited a lack of a sum certain defense by raising it during discovery. *A4 Constr. Co.*, ASBCA No. 63252 *et al.*, 24-1 BCA ¶ 38,578 at 187,505-06; *see also ECC Int'l*, 79 F.4th at 1380 (quoting *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004) and FED. R. CIV. P. 12(h)(2) for the proposition that a defense that a party failed to comply with a different nonjurisdictional requirement "could be raised, at the latest, 'at the trial on the merits.'").

Here, the litigation had not far progressed when the government filed the Motion. As in *A4 Constr.*, the government filed the Motion during discovery (SOF ¶ 6). Therefore, the government has not forfeited its lack of a sum certain defense. *See A4 Constr.*, 24-1 BCA ¶ 38,578 at 187,505-06.

II.      GE's Essentially Monetary Claim Did not State a Sum Certain

Turning to the merits of the Motion, GE has failed to state a claim because its claim does not state a sum certain, despite essentially being a monetary claim. We will dismiss an appeal for failure to state a claim where—accepting well-pleaded factual allegations as true and drawing all reasonable inferences in favor of the appellant—the asserted facts do not entitle the claimant to a legal remedy. *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013); *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In deciding a motion to dismiss for failure to state a claim, we look to the complaint and the certified claim. *A4 Constr.*, 24-1 BCA ¶ 38,578 at 187,503.

A monetary "claim that does not state a sum certain has not sufficiently plead the elements of a claim under the CDA and may be denied by the CO and dismissed on appeal to the boards . . . for failure to state a claim." *ECC Int'l*, 79 F.4th at 1380. However, "a 'sum certain' . . . is not required for nonmonetary claims, such as those

4

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

seeking 'the adjustment or interpretation of contract terms' or other contractual relief." *J&J Maint., Inc., d/b/a J&J Worldwide Servs.*, ASBCA No. 63013, 23-1 BCA ¶ 38,353 at 186,254-55; *see also* 48 C.F.R. § 2.101. "While contractors may in some circumstances properly seek only declaratory relief without stating a sum certain, they may not circumvent the general rule requiring a sum certain by reframing monetary claims as nonmonetary." *Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1360 (Fed. Cir. 2018). A claim must state a sum certain "where the essence of a disagreement is monetary." *Int'l Creative & Training, Ltd.*, ASBCA No. 42833, 93-3 BCA ¶ 26,009 at 129,310. "If 'the only significant consequence' of the declaratory relief sought 'would be that [a contractor] would obtain monetary damages from the federal government,' the claim is in essence a monetary one" subject to the sum certain requirement. *Securiforce Int'l*, 879 F.3d at 1360 (quoting *Brazos Elec. Power Co-op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)). However, if our resolution of a "claim could result in changes to contract performance or the avoidance of costs, as opposed to purely monetary relief," then the claim is a nonmonetary claim that is not subject to the sum certain requirement. *J&J Maint.*, 23-1 BCA ¶ 38,353 at 186,257.

Here, GE seeks a declaration that it has the right to seek a price adjustment under the EPA Clause (SOF ¶¶ 3, 5). The only significant consequence of a declaration that GE has the right to seek a price adjustment under the EPA Clause would be a price adjustment, which is purely monetary.[3] There is no suggestion that our resolution of the claim could result in changes to the contract performance or the avoidance of costs (app. opp'n 5-6). Therefore, the essence of the dispute is monetary. *See J&J Maint.*, 23-1 BCA ¶ 38,353 at 186,257.[4]

GE argues that a significant consequence of a declaration that the Contract included an EPA Clause would be that the parties would enter into negotiations pursuant to that clause, possibly avoiding the need to seek monetary damages (app. opp'n 5-6). However, GE does not identify any way in which those negotiations would result in a change in contact performance or the avoidance of costs (*id.*). Rather, the essence of those negotiations would be exclusively monetary because GE

---

[3] To be sure, section (b) of the Clause does refer to "negotiation" of the adjustment, but the sought end result of that negotiation is to get money.

[4] The facts that the claim and the complaint state that they are merit-only does not compel the conclusion that this appeal involves a nonmonetary claim because "we customarily look to the substance of the pleadings rather than their form." *Securiforce*, 879 F.3d at 1360 (quoting *Brazos*, 144 F.3d at 787). In any event, the claim confirms that GE is seeking a determination that it "has a right to an adjustment under" the EPA Clause (SOF ¶¶ 3, 5).

5

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

concedes that those negotiations would only address whether it is entitled to a price adjustment (*id.*). Regardless of whether a contractor uses a Board declaration to negotiate a price adjustment with the government or to obtain monetary damages from the Board, *Securiforce*'s concern about contractors reframing monetary claims as nonmonetary claims in order to circumvent the sum certain requirement remains the same because the essence of the dispute is monetary in both cases. *See* 879 F.3d at 1360.

Because the essence of the dispute is monetary, GE's claim had to state a sum certain. *See ECC Int'l*, 79 F.4th at 1380. However, GE's claim did not state a sum certain (SOF ¶ 3). Therefore, it has failed to state a claim. *See ECC Int'l*, 79 F.4th at 1380.

<u>CONCLUSION</u>

For the reasons discussed above, the motion to dismiss for failure to state a claim is granted, and the appeal is dismissed without prejudice.

Dated: June 24, 2025

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

DOCUMENT FOR PUBLIC RELEASE.
The decision issued on the date below is subject to an ASBCA Protective Order.
This version has been approved for public release.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63842, Appeal of GE Renewables US, LLC, rendered in conformance with the Board's Charter.

Dated:

        PAULLA K. GATES-LEWIS
        Recorder, Armed Services
        Board of Contract Appeals