ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| JE Dunn Construction Company | ) ASBCA No. 63183 |
| | ) |
| Under Contract No. W9127S-17-D-6003 | ) |

APPEARANCES FOR THE APPELLANT:    Nicholas T. Solosky, Esq.
Reginald M. Jones, Esq.
Morgan M. Tapp, Esq.
  Fox Rothschild LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Michael T. Geiselhart, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Jacksonville

Allen S. Black, Esq.
  Engineer Trial Attorney
  U.S. Army Engineer District, Little Rock

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
ON THE GOVERNMENT'S MOTION TO DISMISS

The government moves to dismiss this appeal for lack of jurisdiction or failure to state a claim upon which relief can be granted, because, the government alleges, appellant, JE Dunn Construction Company, did not present to the contracting officer separate sums certain for the three components of its claim. We deny the motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

JE Dunn filed this appeal on January 27, 2022, concerning a contract for "HVAC replacement at the Guthrie Clinic at Fort Drum, New York," seeking "damages totaling $949,054.00 and a 57-calendar day compensable time extension arising from the Government-directed changes to the Project's humidifier sizing and hydronic piping design."[1] JE Dunn also challenged the government's alleged direction "to upsize the boilers to comply with a safety factor above the 15% safety factor

---

[1] Notice of appeal and compl. at 1 (emphasis omitted).

requirement in the Request for Proposal."[2]  In addition, JE Dunn alleged a government violation of the Prompt Payment Act.[3]

On August 19, 2022, the Board scheduled a four-day hearing of the appeal, to commence on February 28, 2023.  On February 7, 2023, the government filed a motion for summary judgment and stay of proceedings that also moved to dismiss JE Dunn's Prompt Payment Act claim including because:

> it was never presented to the contracting officer in [a Request for Equitable Adjustment] or claim and therefore, the Board does not have jurisdiction over this claim.[4]

The government requested that the Board dismiss the Prompt Payment Act claim "for lack of jurisdiction or for failure to state a claim."[5]  The government's motion did not express any concern that JE Dunn had not presented a claim for a sum certain to the contracting officer.  On the same day that it was filed, the Board denied the government's request for a stay, and deferred consideration of the government's motion until after the conclusion of the scheduled hearing on the merits.  During a February 8, 2023 conference call, the Board denied what it considered were the government's requests that the Board reconsider its decision to defer the government's motion and deny the stay request.

The Board heard the merits of the appeal from February 28 through March 3, 2023.  During the hearing, the Board raised the issue of the Board's jurisdiction, asking the parties whether the three components of the appeal (hydronic piping, humidifiers, and boilers) were the subjects of separate sums certain in the claim presented to the contracting officer.[6]  The government deferred any comment,[7] and, as did JE Dunn, reserved the issue for post-hearing briefing.[8]  The Board set a schedule for post-hearing briefing upon the sum certain issue alone, deferring consideration of the merits of the appeal until after resolution of the sum certain issue.[9]

JE Dunn filed its post-hearing, sum certain jurisdictional brief on April 24, 2023 (asserting that the Board possessed jurisdiction to entertain the appeal[10]), and on

---

[2] Notice of appeal and compl. at 1.
[3] Notice of appeal and compl. at 7.
[4] Mot. at 2, 25.
[5] Mot. at 24.
[6] Tr. 1/135-40.
[7] Tr. 1/140.
[8] Tr. 4/80.
[9] Tr. 4/80-82, 84-88.
[10] App. br. at 1.

May 24, 2023, the government responded, filing a post-hearing brief that moved to dismiss the appeal for lack of jurisdiction on the ground that "there is no sum certain because JE Dunn presented three distinct claims while stating only one dollar amount."[11] Neither party addressed the Prompt Payment Act jurisdictional challenge that the government had raised prior to the hearing on the merits.

On August 22, 2023, the United States Court of Appeals for the Federal Circuit held that the requirement to state a sum certain in submitting a claim under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, is a mandatory but *nonjurisdictional* requirement subject to forfeiture by the government. *ECC Int'l Constructors (ECCI), LLC v. Sec'y of Army*, 79 F.4th 1364, 1380 (Fed. Cir. 2023). On October 6, 2023, in briefing that the Board ordered subsequent to the decision in *ECCI*, the government requested that its motion be converted to one for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6).[12]

DECISION

Whether styled a motion to dismiss for lack of jurisdiction, or a motion to dismiss for failure to state a claim, in requesting dismissal of the appeal on sum-certain grounds only after the hearing of the merits of the appeal, the government has forfeited its right to challenge JE Dunn's satisfaction of the sum-certain requirement. *See ECCI*, 79 F.4th at 1379-80 (citing cases). Consequently, the government's May 24, 2023 motion to dismiss the appeal for lack of jurisdiction, and its October 6, 2023 request to convert that motion to one for failure to state a claim upon which relief can be granted, are denied.

The government says:

> Federal Rule of Civil Procedure 12(h)(2) provides that a challenge under FRCP 12(b)(6) "may be raised (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." (emphasis added). Here, the sum certain issue was front and center at trial, and so was timely raised. Indeed on the first day of the hearing, the Board inquired: "A question for the Board may be whether some – whether the three components of the appeal, hydronic piping, humidifiers, and boilers, are the subjects of separate sum-certain in the claim."[13]

---

[11] Gov't br. at 1, 3, 20.
[12] Gov't resp. at 1-2.
[13] Gov't resp. at 2.

The government's position is unavailing. The Board's sua sponte questioning for jurisdictional purposes whether the sum certain requirement had been satisfied is not the equivalent of the government challenging whether that requirement had been satisfied. *Pearson v. Westervelt Co.*, 203 So.3d 73, 78 (Ala. Civ. App. 2016) (trial court may not sua sponte assert an affirmative defense on behalf of a defendant); *Limestone Farms, Inc. v. Deere & Co.*, 29 P.3d 457, 461-62 (Kan. App. 2001) (nonjurisdictional affirmative defense was improperly raised by the trial court). The government had the opportunity—on its own initiative or in response to the Board's having raised the issue—to take the position before or during the hearing on the merits that JE Dunn had not satisfied the sum-certain requirement. The government did not do so. Having waited until after the hearing on the merits to request dismissal, on sum-certain grounds, for lack of jurisdiction or failure to state a claim upon which relief can be granted, the government forfeited its right to challenge JE Dunn's satisfaction of the sum-certain requirement. *See ECCI*, 79 F.4th at 1379-80.

We reserve for a future opinion consideration of the government's February 7, 2023 motion to dismiss for lack of jurisdiction JE Dunn's Prompt Payment Act claim.

<u>CONCLUSION</u>

The government's request to convert its motion to dismiss the appeal for lack of jurisdiction on sum-certain grounds to a motion for failure to state a claim upon which relief can be granted is denied.

The government's motion to dismiss the appeal for lack of jurisdiction on sum-certain grounds is denied.

The government's motion to dismiss appellant's Prompt Payment Act claim for lack of jurisdiction is deferred.

Dated: December 13, 2023

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63183, Appeal of JE Dunn Construction Company, rendered in conformance with the Board's Charter.

Dated: December 14, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5