## ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| ECC International Constructors, LLC | )    ASBCA No. 59643 |
| | ) |
| Under Contract No. W912ER-10-C-0054 | ) |

APPEARANCES FOR THE APPELLANT:      R. Dale Holmes, Esq.
        Michael H. Payne, Esq.
         Cohen Seglias Pallas Greenhall &
          Furman PC
        Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
         Engineer Chief Trial Attorney
        Martin Chu, Esq.
         Engineer Trial Attorney
         U.S. Army Engineer District, Baltimore

        Katherine M. Smith, Esq.
         Engineer Trial Attorney
         U.S. Army Engineer District, Middle East
         Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S PARTIAL MOTION TO DISMISS

The United States Court of Appeals for the Federal Circuit has remanded to the Board this appeal arising from the construction of a military compound in Afghanistan to evaluate whether the government forfeited its right to challenge whether appellant, ECC International Constructors, LLC (ECCI), satisfied the mandatory but non-jurisdictional "sum-certain requirement" with respect to the May 2, 2014 monetary claims presented to the contracting officer that are addressed in the Board's November 10, 2021 opinion, and, if it did, to consider this case on the merits, as instructed by the court's opinion in *ECC Int'l Constructors, LLC v. Sec'y of Army (ECCI)*, 79 F.4th 1364, 1380 (Fed. Cir. 2023), arising from a companion appeal. Familiarity with that opinion is presumed. The court recited the facts to be considered:

The U.S. Army Corps of Engineers awarded ECCI a contract in 2010 to design and build a military compound in Afghanistan. On May 2, 2014, ECCI submitted a claim to the contracting officer under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109, seeking $3,767,856.32 in relief for additional costs it allegedly incurred due to government directives to perform extra work. After years of litigation and a hearing on the merits in June 2020, the government moved to dismiss nine out of 23 direct cost items identified in ECCI's claim for lack of subject-matter jurisdiction, arguing that each of those nine cost items comprises multiple sub-claims that require, but failed to state, their own sum certain. The Board granted the government's motion to dismiss.

*ECC Int'l Constructors, LLC v. Sec'y of Army*, No. 2022-1368, 2023 WL 5367474, at *1 (Fed. Cir. Aug. 22, 2023).

The government says that it has forfeited its right to challenge ECCI's satisfaction of the sum-certain requirement with respect to only three items (additional outlets and changed configurations, 144 port fiber optic communication units, and additional ladder rack and cable tray) of the nine raised addressed in the court's opinion, pointing to the Board having entered summary judgment upon those three items in *ECC Int'l Constructors*, ASBCA No. 59138 *et al.*, 19-1 BCA ¶ 37,281 at 181,387-88, prior to the hearing of this appeal.[1] Accordingly, we view any sum-certain challenge to those three items as forfeited. With respect to the remaining six of the nine items addressed in the court's opinion, and upon consideration of the facts recited above and the positions of the parties on remand, we conclude that, particularly because it waited until after the hearing on the merits to request dismissal on sum-certain grounds, the government has forfeited its right to challenge ECCI's satisfaction of the sum-certain requirement. *See ECCI*, 79 F.4th at 1379-80. In so doing, we specifically reject the government's attempt on remand to shoe-horn into the present discussion an exchange during the hearing in which the government did *not* present the sum-certain challenge that it presented only after the hearing.[2] Accordingly, the government's September 3, 2020 partial motion to dismiss for lack of jurisdiction is denied.

Finally, we take this opportunity to dispose of two items upon which the parties agree. The parties agree that ECCI is entitled to (1) $24,904 for work on a military

---

[1] Gov't Oct. 27, 2023 filing at 2.
[2] Gov't Oct. 27, 2023 filing at 3-4 ¶¶ 1-2.

working dog kennel, and (2) $29,680 for the relocation of spoils.[3]  We award ECCI those amounts—together $54,584—with interest pursuant to 41 U.S.C. § 7109, from May 2, 2014, the date that contracting officer received the certified claim in which those items are presented,[4] to the date of payment.  We defer to a future opinion our consideration upon the merits of the items still before us in this appeal.

Dated:  January 2, 2024

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59643, Appeal of ECC International Constructors, LLC, rendered in conformance with the Board's Charter.

Dated:  January 2, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

---

[3] App. br. at 89-91; gov't br. at 119-20.
[4] R4, tab 75 at 1, 49, 54-55, 324; *see* gov't br. at 1 ¶ 3.