# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                                )
                                                           )
ECC International Constructors, LLC        )        ASBCA No. 59586
                                                           )
Under Contract No. W912ER-10-C-0054   )

APPEARANCES FOR THE APPELLANT:        R. Dale Holmes, Esq.
                                                            Michael H. Payne, Esq.
                                                              Cohen Seglias Pallas Greenhall &
                                                                Furman PC
                                                              Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                                              Engineer Chief Trial Attorney
                                                            Martin Chu, Esq.
                                                              Engineer Trial Attorney
                                                              U.S. Army Engineer District, Baltimore

                                                            Katherine M. Smith, Esq.
                                                              Engineer Trial Attorney
                                                              U.S. Army Engineer District, Middle East
                                                              Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION TO DISMISS

The United States Court of Appeals for the Federal Circuit has remanded this appeal to the Board to evaluate whether the government forfeited its right to challenge whether appellant, ECC International Constructors, LLC (ECCI), satisfied the mandatory but non-jurisdictional "sum-certain requirement" with respect to ECCI's February 12, 2014 monetary claim to the contracting officer, and, if it did, to consider ECCI's case on the merits. *ECC Int'l Constructors, LLC v. Sec'y of Army (ECCI)*, 79 F.4th 1364, 1380 (Fed. Cir. 2023). Familiarity with that opinion is presumed. The Federal Circuit recited the facts to be considered:

> ECCI submitted its claim to the contracting officer in
> February 2014. It then appealed the deemed denial of its
> claim to the Board in October 2014. The government did
> challenge a minor, discrete portion of ECCI's claim on
> jurisdictional grounds in December 2016. But the
> government did not raise its more general challenge to the

sufficiency of ECCI's sum certain until *six years* after ECCI submitted its claim, waiting until after settlement discussions, discovery, [alternative dispute resolution] with a Board judge, summary judgment briefing, an appeal to this court on a specific sub-issue, and a nine-day hearing on the merits in June 2020. Indeed, the government waited until the Board was poised to finally decide the case on the merits to challenge jurisdiction. As ECCI notes, the government's motion additionally came after the [Contract Disputes Act's] six-year statute of limitations had run, leaving ECCI with no recourse to refile with the contracting officer a new claim with a revised sum certain.

*ECCI*, 79 F.4th at 1380 (emphasis in original). Upon consideration of the facts recited above and the positions of the parties on remand, we conclude that, particularly because it waited until after the hearing on the merits to request dismissal on sum-certain grounds, the government forfeited its right to challenge ECCI's satisfaction of the sum-certain requirement. *See id.* at 1379-80. In so doing, we specifically reject the government's attempt on remand to shoe-horn into the present discussion an exchange during the hearing in which the government did *not* present the sum-certain challenge that it presented only after the hearing.[1] Accordingly, the government's June 23, 2020 motion to dismiss for lack of jurisdiction is denied to the extent that it relies upon the sum-certain requirement.

The government's June 23, 2020 motion appears also to challenge our jurisdiction to entertain at least some of the claims in this appeal on the ground that those claims are new, in that they have not been presented to the contracting officer.[2] To the extent the motion does so, we defer consideration. We also defer consideration of ECCI's case on the merits.

Dated: January 2, 2024

_____
TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[1] Gov't Oct. 27, 2023 filing at 3 ¶ 2.
[2] Mot. at 11-12.

I concur                                I concur

_____               _____
RICHARD SHACKLEFORD                     OWEN C. WILSON
Administrative Judge                    Administrative Judge
Acting Chairman                         Vice Chairman
Armed Services Board                    Armed Services Board
of Contract Appeals                     of Contract Appeals


        I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 59586, Appeal of ECC
International Constructors, LLC, rendered in conformance with the Board's Charter.

        Dated:  January 2, 2024


                        _____
                        PAULLA K. GATES-LEWIS
                        Recorder, Armed Services
                        Board of Contract Appeals


3