ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| MTS General Trading & Construction[1] | ) | ASBCA No. 63522 |
| | ) | |
| Under Contract No. W56KGZ-15-A-6000 | ) | |

APPEARANCE FOR THE APPELLANT:      Abathar N. Alkudari, Esq.
          At Law Group, PLLC
          Dearborn, MI

APPEARANCES FOR THE GOVERNMENT:      Dana J. Chase, Esq.
          Army Chief Trial Attorney
          CPT Jules L. Szanton, JA
          Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE ARNETT
ON THE GOVERNMENT'S MOTION TO DISMISS

MTS General Trading & Construction (appellant or MTS) filed an appeal from the denial of its claim involving missing trucks arising from orders against a Blanket Purchase Agreement (BPA) issued by the U.S. Army (the government or the Army). Alleging "fatal" defects in the claim and notice of appeal, the government has moved to dismiss this appeal pursuant to Rule 7(b) (gov't mot. at 1). Based upon discrepancies in appellant's name, the government asserted that neither the claim nor the notice of appeal was submitted by a contractor in privity with the government (*id.* at 7-12). Following issuance of the Board's January 22, 2024 decision in ASBCA No. 63521 addressing the name discrepancies, the government withdrew these arguments (gov't reply at 1).

In addition to the withdrawn arguments, the government also moved the Board to dismiss this appeal for failure to state a claim upon which relief can be granted (gov't mot. at 12-14). The government argues that appellant's claim seeks compensation under two separate contracts and does not state a sum certain for the costs sought under each contract at issue (*id.*). Appellant opposes the government's motion and asserts that its claim specifies "sums certain for each piece of equipment" at issue (app. opp'n at 16-17).

---

[1] In accordance with the Board's decision issued in ASBCA No. 63521 on January 22, 2024, appellant's name in this appeal is changed to MTS General Trading & Construction to be consistent with its name on most of the orders issued under the BPA and its registration in SAM.gov.

1

Because the question of whether a claim comprises one or multiple claims, each requiring a sum certain, is a factual dispute for the Board to resolve on the merits, the government's motion is denied.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On May 17, 2015, the government awarded BPA No. W56KGZ-15-6000 to MTS (R4, tab 1 at 1, 3[2]). Under the BPA, the government could place call orders for the provision of material-handling equipment in Erbil, Iraq (*id.* at 1, 3-7). From May 2015 through December 2017, the government issued more than one hundred orders under the BPA (*see generally* R4, tabs 32-173, 176). Each order under the BPA is a separate contract.[3]

2. On October 7, 2022, MTS submitted a certified claim to the government requesting $453,000 for two trucks leased under BPA call orders[4] (R4, tab 27 at 328). Alleging that the two trucks were missing in Syria, the claim sought lease payments of $2,000 per month for a black water truck for the period from January 2018 through claim submission in October 2022 and $3,500 per month for a fuel truck for the period from September 2017 through October 2022[5] (*id.*). For these periods, MTS requested a combined total of $333,000[6] in unpaid lease payments (*id.*). In addition, the claim sought a combined total estimate of $120,000 for the "value of both trucks" but does not appear to provide a breakdown of the separate amount sought for each vehicle (*id.*). MTS has subsequently clarified that its request included an estimated value of $50,000 for the black water truck and $70,000 for the fuel truck (app. opp'n at 17).

3. On October 27, 2022, the contracting officer issued a final decision denying the October 7, 2022 claim (R4, tab 26 at 324-27). On January 24, 2023, MTS filed its notice with the Board appealing the contracting officer's October 27, 2022 final decision. The appeal was docketed as ASBCA No. 63522.

---

[2] Documents in the Rule 4 file are numbered using a letter prefix and leading zeros. For ease, we have dropped the prefix and leading zeros in this decision.

[3] *See Hewlett-Packard Co.*, ASBCA Nos. 57940, 57941, 13-1 BCA ¶ 35,366 at 173,551.

[4] It has not been established which BPA call order(s) serve as a basis for lease of the two trucks at issue in this matter.

[5] The claim seeks black water truck lease payments of $2,000/month for the period January 2018 through October 2022 totaling $116,000. The claim seeks fuel truck lease payments of $3,500/month for the period September 2017 through October 2022 totaling $217,000. The black water truck unpaid lease amount of $116,000 plus the fuel truck unpaid lease amount of $217,000 total $333,000 sought by MTS for unpaid lease payments.

[6] MTS's opposition to the government's motion indicates that it considers the monthly lease payments to be an ongoing obligation that continues to accrue (app. opp'n at 17).

DECISION

## I.  The Parties' Contentions

The government challenges the sufficiency of the sum certain on the basis that appellant asserts two distinct claims under separate contracts and lacks a sum certain for each distinct claim (gov't mot. at 13-14).  In its motion, the government argues that MTS seeks costs arising from two vehicles leased under two separate contracts thereby giving rise to two claims (*id.*).  In its reply, the government expands its position, arguing for the first time that appellant's claim includes <u>four</u> distinct sub-claims:  (1) rent for the black water truck, (2) rent for the fuel truck, (3) replacement of the black water truck, and (4) replacement of the fuel truck (gov't reply at 4).

Conversely, appellant's claim is packaged as a single document requesting compensation under the BPA[7] (SOF ¶ 2).  In its response to the government's motion, appellant refers to one claim while arguing that its claim specifies "sums certain for each piece of equipment" at issue (app. opp'n at 16-17).

## II.  The Complaint Does Not Fail to State a Claim for Relief Due to the Lack of a "Sum Certain."

Dismissal for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  The Board will deny a motion to dismiss for failure to state a claim when the complaint alleges facts plausibly suggesting a showing of entitlement to relief. *See Parsons Gov't Servs., Inc.*, ASBCA No. 60663, 17-1 BCA ¶ 36,743 at 179,100.  In deciding a motion to dismiss for failure to state a claim, we "must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013) (citing *Lindsay*, 295 F.3d at 1257).  The scope of our review is limited to considering the sufficiency of the allegations set forth in the complaint, "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014).  In determining whether an appeal before us states a claim upon which relief can be granted, the primary document setting forth the claim is the contractor's claim to the contracting officer rather than the complaint. *Lockheed Martin Integrated Sys., Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281.

---

[7] Appellant mistakenly characterizes the BPA as one contract and does not identify which call order(s) correspond with the leased trucks at issue (Compl. ¶¶ 1, 5-6).

While the CDA does not define "claim," the Federal Acquisition Regulation (FAR) defines a claim as, "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101 and 52.233-1(c). A claim is set forth in a sum certain when the contractor has submitted in writing to the contracting officer "a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Precision Standard, Inc*., ASBCA No. 55865, 11-1 BCA ¶ 34,669 at 170,788 (quoting *Contract Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987).

In *ECC Int'l Constr., LLC v. Sec'y of Army*, 79 F.4th 1364, 1377-79 (Fed. Cir. 2023), the Court of Appeals for the Federal Circuit recognized that the sum certain requirement is an element of a CDA claim that a claimant must satisfy in order to recover but concluded that it was not a jurisdictional requirement. The Court held that it was "mandatory for a party submitting a claim under the CDA seeking monetary relief to include a sum certain indicating for each distinct claim the specific amount sought as relief." *Id.* at 1380. The Court also noted that the sufficiency of a sum certain in a specific case is a matter for the Board to explore on the merits. *Id.* at 1377-78.

Here, MTS submits a single document stating a total amount sought for two types of compensation (lease and replacement) for two missing vehicles arising from one or more contracts. We conclude that MTS has provided a sum certain for the total amount sought and that this provides adequate notice of the basis and amount of the total claim to the government. However, there is a dispute as to whether MTS's claim is one or multiple distinct claims.

We lack sufficient information at this stage to resolve the parties' dispute over whether the claim for missing trucks includes separate claims or is one claim arising from the same operative facts. A disagreement over whether a claim comprises one or multiple claims, each requiring a sum certain, is a factual dispute for the Board to resolve on the merits. *ECC Int'l*, 79 F.4th at 1377-78.

4

## CONCLUSION

For the foregoing reasons, the government's motion is denied.

Dated:  February 15, 2024

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 63522, Appeal of MTS
General Trading & Construction, rendered in conformance with the Board's Charter.

Dated:  February 15, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

5