ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Envistacom, LLC | ) | ASBCA No. 63796 |
| | ) | |
| Under Contract No. W911NF-17-D-0014 | ) | |
| Task Order No. W909MY-19-F-0066 | ) | |

APPEARANCES FOR THE APPELLANT:     Daniel A. Schwager, Esq.
                                   Benjamin R. Ogletree, Esq.
                                     Verdi & Ogletree PLLC
                                     Washington, DC
                                   Thomas F. Proctor, Esq.
                                   Katie Goodman, Esq.
                                     Counsels

APPEARANCES FOR THE GOVERNMENT:    Dana J. Chase, Esq.
                                     Army Chief Trial Attorney
                                   Angela M. Fortier, Esq.
                                   LTC Sean B. Zehtab, JA
                                     Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON THE GOVERNMENT'S MOTION TO DISMISS
AND APPELLANTS CROSS-MOTION FOR A DEFAULT JUDGMENT

In this appeal, Envistacom, LLC (Envistacom) appeals from a contracting officer denial of claims it submitted for costs incurred performing a contract for technical services.  The government moves to dismiss for lack of jurisdiction or failure to state a claim.  Envistacom cross-moves for a default judgment.  For the reason stated below, both motions are denied.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTIONS

1.  Starting in 2018, the Defense Logistics Agency (DLA) issued purchase orders under a contract with Atlantic Diving Supply, Inc. (ADS), for Satellite Transportable Terminal (STT) Modification Work Orders (MWOs).  ADS subcontracted with appellant, Envistacom, to provide hardware, materials, integration, and assembly. (R4, tabs 151 at 1, 155 at 9; compl. ¶¶ 9-10; gov't mot. at 2)

2.  On July 19, 2019, the Army Contracting Command (government) issued a task order to Envistacom, called Tactical Network Enhancements (TACNET), upon an

existing research and development base contract awarded to Envistacom called Deployable Adaptive Global Responder Support (DAGRS) (R4, tabs 1, 156). In general, TACNET sought tactical network enhancements to increase tactical communications for deployed warfighters, end users, and partner nations (R4, tab 2 at 5). Its scope included "engineering of prototypes and integration of network enhancements for the Army's tactical network including the Regional Hub Node (RHN) network and tactical satellite terminals with all necessary cyber and logistical support" (R4, tab 2 at 1).

3. The government then provided the STT MWO equipment procured from Envistacom through ADS under the DLA purchase orders back to Envistacom for integration of upgrades and enhancements under TACNET (R4, tabs 151 at 2, 155 at 9; gov't mot. at 3).

4. Envistacom submitted a certified claim, dated April 14, 2023, to the contracting officer respecting engineering change proposals, program directed changes, spare part replacement, and contract material increases, associated with DAGRs/TACNET for a total of $9,312,284 (R4, tab 155). The claim broke down into $524,502 in directed changes, $579,627 for engineering change proposals, $1,068,572 in costs associated with replacing items taken from production inventory for use as spare parts to complete STT production, and $7,139,583 in material costs, G&A, and fee (*id.* at 11-13).

5. Envistacom's claim noted it had received purchase orders from ADS for work ordered from ADS by the government. It explained that the government's relationship with ADS permitted integration of the research and development work Envistacom performed under TACNET into the ADS systems. It characterized the two contracts as tied together. (*Id.* at 9) It suggested the amount it sought represented a modest overrun of 6.84% of the total value of both TACNET and the ADS purchase orders (*id.* at 2, 5, 14). Nevertheless, it stated that its claim was for amounts owed under TACNET/DAGRS (*id.* at 1, 5). When the contracting officer requested Envistacom remove any costs associated with the DLA contract, Envistacom responded that its claim did not include any costs associated with that contract (R4, tab 151 at 2).

6. On September 22, 2023, the contracting officer partially granted Envistacom's TACNET claim (R4, tab 151). The decision recognized that under the DLA contract Envistacom provided integration services as a subcontractor and under TACNET the government provided the integrated STTs to Envistacom to perform engineering and additional integration services (*id.* at 1-2). Without indicating any uncertainty about the sums demanded, the decision then addressed each claim component. It recognized $900,106.97 in engineering change proposal costs (*id.* at 5-8). The contracting officer concluded Envistacom had failed to sufficiently prove its procurement of replacement parts and that the contract lacked any obligation by the government to supply spares (*id.* at 8-9). The contracting officer also denied the material cost claim, noting that the

2

contract was for a firm-fixed price, and that Envistacom was not required to procure STT MWO materials under TACNET. Envistacom had been provided funding from ADS to procure those materials under the DLA contract. (*Id.* at 9)

7. Envistacom has appealed the decision, saying in its complaint that it seeks review of the partial denial of its certified claim brought under the DAGRS contract and TACNET task order (compl. at 1). It cites provisions of that contract and task order that it contends govern its entitlement (compl. ¶¶ 23-37). It seeks equitable adjustments for engineering change proposals, costs of providing spare kits outside the STT warranty, and material overruns, based upon TACNET changes (compl. ¶¶ 54-59). It also seeks the same compensation under a theory of breach of the implied duty to cooperate and not to hinder its contractual rights (compl. ¶¶ 60-62). In response to the appeals, the government submitted a Rule 4 file containing 157 tabs, which it later increased to 201.

<u>DECISION</u>

The government asks us to dismiss the appeal for lack of jurisdiction, arguing that Envistacom's claim and complaint demand costs owed under its subcontract relationship with ADA. As a subcontractor lacking privity of contract, the government maintains Envistacom may not bring an appeal to the Board. (Gov't mot. at 7) The government also suggests the appeal must be dismissed for failure to state a claim because Envistacom combined claims involving both TACNET and its ADA subcontracts. It contends this "confusion as to which contract is applicable to its claims makes Envistacom's complaint ambiguous to the point where it fails to state a claim on which relief may be granted." Envistacom, argues the government, "should not be able to hide the ball from the [government] as to which contract its claims belong." (Gov't mot. at 12) Furthermore, the government seeks dismissal for failure to state a claim because it says Envistacom's claim lacks a sum certain. According to the government, because Envistacom has "conflat[ed] the two distinct contracts," it "has failed to provide a clear and unequivocal statement to give the contracting officer adequate notice of the basis and amount of [its] claim." (Gov't mot. at 14)[1] In addition to opposing the government's motion, Envistacom cross moves for default judgment on the basis that the government's Rule 4 file is incomplete, and its motion is frivolous.

---

[1] The title of the government's motion also says it is for summary judgment, though it does not advance a separate argument on that theory.

3

## I.   Government Motion

Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09, we review the claim, not the complaint, to determine whether the requirements of our jurisdiction have been met. *See Am. Gen. Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639. For jurisdictional purposes, a claim need only have been submitted according to the procedures delineated in the CDA. *Red Bobtail Transp.*, ASBCA Nos. 63783, 63784, 24-1 BCA ¶ 38,598 at 187,639. It must be by a contractor against the Federal Government relating to a contract and be submitted to the contracting officer for a decision. *Id.* It also must make a demand in writing, and if for money, provide notice of its general amount. *Id.* If the claim exceeds $100,000 it must be certified in accordance with the provisions of the CDA contained in 41 U.S.C. § 7103(b). *Id.* With rare exceptions not relevant to this dispute, only a contractor, meaning a party to a Federal Government contract other than the Federal Government, may appeal to the Board under the CDA, which typically excludes subcontractors not in direct privity with the government. *Binghamton Simulator Co.*, ASBCA No. 59117, 14-1 BCA ¶ 35,715 at 174,870-71. These conditions all exist here.

Envistacom is in privity of contract with the government through the DAGRS contract and TACNET task order (SOF ¶ 2). It submitted a certified claim to the contracting officer in writing seeking payment of amounts it claims are associated with that contract. Like the government, it acknowledged that it first provided STT products to DLA through a subcontract with ADS but made clear that its claim is for amounts due under DAGRS/TACNET, which the contracting officer partially granted. (SOF ¶¶ 4-6) The government contends that the claim seeks costs under both TACNET and the DLA subcontract, dictating the appeals must be dismissed. We disagree with the premise that the claim asserts entitlement under both contracts. However, we need not dwell upon the matter. Even if the government is correct, that would not dictate dismissal of the appeal in its entirety. At most, we would be deprived of jurisdiction to make an award solely dependent upon Envistacom's rights under the subcontract, which Envistacom denies seeking anyway.

The government's contention that the appeal should be dismissed for failure to state a claim essentially relies upon the same arguments, namely that Envistacom's claim combines TACNET and the DLA subcontract together to establish its entitlement to the claimed costs. For this reason, it says the claim fails to comply with the requirement that it contain a sum certain. It is true that a CDA claim for monetary relief must include a "sum certain indicating for each distinct claim the specific amount sought as relief." *MTS Gen. Trading & Constr.*, ASBCA No. 63522, 24-1 BCA ¶ 38,528 at 187,289 (quoting *ECC Int'l Constr., LLC v. Sec'y of Army*, 79 F.4th 1364, 1380 (Fed. Cir. 2023)). Envistacom's claim specified separate amounts for directed changes, engineering change proposals, spare parts, and materials. Each is a

sum certain.  (SOF ¶ 4)  Nevertheless, the government insists the claim fails to meet the sum certain standard because it seeks costs owed under both TACNET and the DLA subcontract.  Again, we disagree that the claim seeks costs claimed to be owed under the subcontract.  Even if it did, premising specific costs upon rights provided by two different contracts does not render the amounts uncertain.  Notably, and contrary to the government's suggestion, while partially granting the claim the contracting officer did not express any uncertainty about the amounts demanded (SOF ¶ 6).  Nor do we perceive any.  That the government contends that a portion of the sums cannot be due under TACNET is irrelevant to whether a sum certain was specified in the claim.

The government also contends Envistacom's complaint reflects confusion as to which contract is applicable to its claims, making the complaint ambiguous.  We are not confused and doubt the government is either.  The complaint need only provide the government "with a fair notice of the claim and its grounds." *Wilwood Eng'g. Inc.*, ASBCA Nos. 62773, 62774, 22-1 BCA ¶ 38,116 at 185,144.  Though the complaint's factual summary lacks specifics, the general story is plain enough.  It explains that in 2018 DLA ordered STT equipment from Envistacom through ADS (compl. ¶ 9).  The Army directly issued TACNET to Envistacom in 2019 for, among other reasons, the acquisition of enhancements and logistical support for the previously ordered STTs and other systems (compl. ¶ 12).  Design changes introduced under TACNET affected the assembly of the STTs, prompting different cost adjustments issued under both contracts, leading Envistacom to characterize performance of the two contracts as indistinguishable (compl. ¶¶ 14-15).  Additionally, government part repair demands required replacement at additional and escalated costs (compl. ¶ 18).  After these general allegations, the complaint's thrust becomes quite clear.  It contains a specific heading titled, "Contract Provisions Entitling Envistacom to Relief" (compl. at 10).  Following that, it quotes several sections of DAGRS and TACNET that it says support its right to the amounts sought (compl. ¶¶ 23-37).  Nowhere does it cite any provisions of the DLA subcontract.  On this we find the complaint unconfusing and unambiguous.  It provides the government with fair notice of the claim and its grounds.  Moreover, contradicting its contention that it does not know what portions of the claim apply to the different contracts, the government's reply purports to demonstrate exactly the opposite, explaining why certain sums sought can only apply to the DLA subcontract (gov't reply at 26).  The government shows it grasps the issues presented by the complaint sufficiently to have developed its own set of competing facts and conclusions of law.  The government's disagreement with Envistacom's version of the facts and law does not dictate that the claim and complaint are not comprehensible.

## II. Envistacom's Cross-Motion

In addition to opposing the government's motion, Envistacom seeks to bring the appeal to an immediate conclusion in its favor by demanding the Board issue a default judgment against the government. It purports to justify such an action by complaining that the Rule 4 file submitted by the government is inadequate and the government's motion to dismiss is frivolous.

Board Rule 17 states that "[w]henever the record discloses the failure of either party to file documents required by these Rules, respond to notices or correspondence from the Board, comply with orders of the Board, or otherwise indicates an intention not to continue the prosecution or defense of an appeal, the Board may, . . . [i]n the case of a default by the Government, . . . issue an order to show cause why the Board should not act thereon pursuant to Rule 16." Rule 16 authorizes the Board to impose sanctions as it considers necessary. A default judgment is the severest sanction available. *Quality Tr., Inc.*, ASBCA No. 62576, 22-1 BCA ¶ 38,217 at 185,613. It is reserved for contumacious or contemptuous conduct. *Id.*

There is no basis to issue a show cause order, much less a default judgment. Board Rule 4 requires the government to submit the decision from which the appeal is taken, the contract, correspondence relevant to the appeal, and documents the government considers relevant. Inherent in its provisions is the exercise of subjective judgment by the government. So far, the government has submitted a file containing 201 tabs that it considers relevant (SOF ¶ 7). That Envistacom believes other documents should be in the file does not demonstrate contempt by the government for the Board's rules that would entitle it to the remedy of a default judgment.[2] Additionally, the government's motion, though unsuccessful, is not so unserious as to be frivolous. Nor would the sanction for one frivolous motion be a default judgment for the claimant. On a scale of strength ranging from meritorious, to unsuccessful, to frivolous, Envistacom's motion is no stronger than the government's.

---

[2] Moreover, our rules specifically allow appellant the opportunity to supplement the record. Board Rule 4(b) authorizes appellant to submit additional documents missing from the government's initial Rule 4 file transmittal.

<u>CONCLUSION</u>

The government's motion to dismiss is denied. Envistacom's cross-motion for default judgment is denied.

Dated: February 19, 2025

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63796, Appeal of Envistacom, LLC, rendered in conformance with the Board's Charter.

Dated: February 19, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals