ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                            )
                                                       )
Lift Up Trucking, LLC                                  )        ASBCA No. 64346
                                                       )
Under Contract No. W912CH-25-P-L009                    )

APPEARANCE FOR THE APPELLANT:            Ms. De' Monica Gamble-Jackson
                                           Chief Executive Officer

APPEARANCES FOR THE GOVERNMENT:          Dana J. Chase, Esq.
                                           Army Chief Trial Attorney
                                         MAJ Joseph A. Seaton, JA
                                           Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE TAYLOR

Lift Up Trucking, LLP (Lift Up Trucking) appeals a denial of its claim requesting (1) the Board direct the United States Army (Army or government) to professionally treat an alleged tick infestation on Fort Belvoir, Virginia or accept liability for further work performed under the current conditions, (2) payment for all work completed to date and (3) the Army's acknowledgment that it will be responsible for any increased labor costs resulting from delays in treatment for the tick infestation. The Army contends the Board should dismiss appellant's appeal because the Board lacks jurisdiction over the claims since appellant requests specific performance and/or the claims fail to state a sum certain. Notwithstanding the jurisdictional issues, the Army further contends the Board should deny the claims since Lift Up Trucking failed to provide conforming services.

Lift Up Trucking elected to pursue this appeal pursuant to the Board's Rule 12.2, Small Claims (Expedited) procedure. Accordingly, this decision shall have no precedential value, and in the absence of fraud shall be final and conclusive and may not be appealed or set aside. 41 U.S.C. § 7106(b)(4)-(5). The parties also agreed to proceed under Board Rule 11; that is, on the written record without an in-person hearing. For the reasons discussed below, we dismiss two of the claims since we do not have jurisdiction to order specific performance and appellant failed to comply with the Federal Acquisition Regulation (FAR) sum certain claim requirement. We further find appellant failed to prove its entitlement for the unpaid work since it submitted nonconforming services.

FINDINGS OF FACT

On December 30, 2024, the Army awarded a contract to Lift Up Trucking for grounds maintenance and snow/ice removal for the Center of Army Analysis Building (Building 1839) on Fort Belvoir, Virginia (R4, tab 14). Among other things, the contract required removal of weeds (*id.* at 9-10). Ms. De' Monica Gamble-Jackson, the Lift Up Trucking Chief Executive Officer, signed the contract (*id*. at 181).[1] Under the contract, the government agreed to pay Lift Up Trucking $11,000 for the described services for the base period of performance (December 30, 2024, through December 29, 2025) (*id.* at 183). The contract also contained a one-year option period (*id*.). Finally, the contract incorporated by reference FAR 52.212-4(a), Contract Terms and Conditions – Commercial Products and Commercial Services (NOV 2023) (*id*. at 197).

Between January and April 2025, appellant submitted three invoices for work performed on the contract (R4, tabs 53-55). The government paid all three invoices (R4, tabs 53-55). On June 23, 2025, Lift Up Trucking submitted a fourth invoice in the amount of $2,316.67 for the summer grounds maintenance for Building 1839 (R4, tab 49 at 517). In the transmittal email, Ms. Gamble-Jackson indicated the summer grounds maintenance for Building 1839 had been successfully completed (R4, tab 15 at 212). Ms. Gamble-Jackson attached photographs allegedly showing the completed work (R4, tabs 16-20). Ms. Gamble-Jackson also indicated her team members observed "what appears to be a tick infestation in the grassy areas surrounding the building" and that one of the team members was bitten by a tick and had to seek medical attention (R4, tab 15 at 212). Ms. Gamble-Jackson requested the government promptly address this concern (*id*.)

By email dated June 24, 2025, Mr. Ronald Mitchell, the Army's contracting officer representative (COR), notified Ms. Gamble-Jackson that the grounds maintenance for Building 1839 was not complete since many weeds remained throughout the area (R4, tab 21 at 222). The COR took pictures of the unfinished work (R4, tab 44 at 484-90). Mr. Mitchell requested Lift Up Trucking return to finish the job (R4, tab 21 at 222). Later that same day, Ms. Gamble-Jackson responded by email to Mr. Mitchell stating Lift Up Trucking was unable to send someone out to complete the remaining maintenance due to the "significant tick presence on site" (R4, tab 22 at 233). On June 26, 2025, the installation pest management coordinator for Fort Belvoir and the COR inspected the grounds for ticks (R4, tab 25 at 272). They found no evidence of ticks "or anything resembling a tick" (*id.*). By email dated June 26, 2025, the COR informed Lift Up Trucking that the work still needed to be

---

[1] The government numbered its pages in its Rule 4 submission with leading case identification information and zeros, which we omit here.

completed and recommended the use of repellants while working outside (R4, tab 32 at 336).

On June 27, 2025, Ms. Gamble-Jackson responded to the COR's email by submitting a formal claim under the Contract Disputes Act (CDA) to the contract specialist on the contract for "unsafe worksite conditions encountered during performance" of the contract (R4, tab 33 at 353). In the claim, Ms. Gamble-Jackson indicated Lift Up Trucking made the decision to pause further work until the government addressed the tick infestation (*id*.). The claim specifically requested:

1. Confirmation that the grounds have been professionally treated for ticks, or a written acknowledgment from the Government accepting liability should further work be performed under current conditions.

2. Immediate payment for all work completed to date, including services rendered prior to identifying the health hazard.

3. Acknowledgment that any delays in treatment will result in overgrowth, which may require additional labor and thus entitle us to a contract modification or equitable adjustment to cover expanded workload upon resumption.

(*Id*. at 353-54)

On September 3, 2025, the contracting officer issued a contracting officer's final decision denying the claim in full (R4, tab 41).[2] The contracting officer determined (1) there was no evidence of a tick infestation and the government assumed no liability for the presence of ticks; (2) Lift Up Trucking failed to provide services meeting the contract requirements; and (3) the government is not responsible for any contractor delays due to Lift Up Trucking's decision to suspend performance (*id*. at 440-45). On September 8, 2025, appellant appealed the final decision to the Board.

---

[2] We note the contracting officer's final decision was dated August 19, 2025, but appears to have been signed and sent to appellant on September 3, 2025 (R4, tab 51 at 522-23).

3

1.  Specific Performance

The government first contends the Board does not have jurisdiction to direct the Army to treat the grounds for the alleged tick infestation (gov't br. at 8). The government is correct. It is well established that the Board does not possess jurisdiction to entertain a request for specific performance. *See Samho Enterprise*, ASBCA No. 63587, 25-1 BCA ¶ 38,891 at 189,303; *SBA Contracting, LLC*, ASBCA No. 63320, 23-1 BCA ¶ 38,443 at 186,849. We cannot order the Army to take specific actions. Appellant's claim requesting the Board to direct the Army to treat the alleged tick infestation or accept liability for further work performed under the current conditions is dismissed for lack of jurisdiction.[3]

2.  Sum Certain

The government next moves to dismiss appellant's remaining two claims for failing to state claims entitling appellant to a legal remedy since they failed to meet the FAR requirement to state a claim in a sum certain amount (gov't br. at 8-14). The FAR defines a "claim" as "a written demand . . . seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. In *ECC Int'l Constructors, LLC*, the United States Court of Appeals for the Federal Circuit held that "there is no dispute that the need to state a sum certain in submitting a claim under the CDA is a mandatory rule provided for in the FAR." *ECC Int'l Constructors, LLC v. Sec'y of the Army*, 79 F.4th 1364, 1370 (2023). Furthermore, the court stated, "[a] claim that does not state a sum certain has not sufficiently pleaded the elements of a claim under the CDA and may be denied by the contracting officer and dismissed on appeal to [the Board] for failure to state a claim" (*id*. at 1380).

While the sum certain monetary claim requirement is no longer jurisdictional, the Federal Circuit has clearly indicated it is mandatory for a valid claim under the FAR. A sum certain is necessary to give a contracting officer adequate notice of the basis and amount of a claim. *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). Here, appellant's two remaining claims seek payment for all work completed to date, and the government's acknowledgement that it will be responsible for any delays or additional costs that may result from delays in treating for the tick infestation (R4, tab 33 at 354).

---

[3] Moreover, appellant failed to address this specific performance claim in its Rule 11 brief. Accordingly, we find appellant waived or abandoned this contention. *See JE Dunn Construction Co*., ASBCA No. 63183, 25-1 BCA ¶ 38,879 at 189,253 n.1 (and cases cited therein).

Appellant's claim for the government to acknowledge responsibility for any potential future delays or costs clearly does not state a sum certain amount. Appellant has yet to incur any delays or increased costs resulting from the potential overgrowth resulting from the alleged tick infestation. Appellant also did not include an estimated dollar amount in its claim. *See J.P. Donovan Construction, Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171 (a claim can include estimated costs so long as the demanded amount is expressly stated in a sum certain). Appellant's claim for delays or increased costs resulting from potential overgrowth is dismissed for failure to state a claim.

The Board, however, has jurisdiction to entertain appellant's claim for the unpaid work completed to date. Four days before submitting its claim, Lift Up Trucking submitted Invoice #00F4 in the amount of $2,316.67 for the summer grounds maintenance for Building 1839 (R4, tab 49 at 517). That invoice was the only remaining unpaid invoice on the contract. While it is true Lift Up Trucking's claim itself did not contain a specific sum certain amount for the unpaid completed work, the previously submitted invoice clearly put the government on notice of the amount Lift Up Trucking sought for that work. *See PHI Applied Physical Sciences, Inc.*, ASBCA Nos. 56581, 58038, 13-1 BCA ¶ 35,308 at 173,336-37 (Board rejected government's motion to dismiss for failing to state a sum certain since the Board could readily determine the amount sought from the attached DD 250s even though the claim letter itself did not state the claim amount).

We dismiss an appeal for failure to state a claim if the complaint does not allege facts plausibly suggesting entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009); *Fluor Intercontinental, Inc.*, ASBCA Nos. 62550, 62672, 22-1 BCA ¶ 38,105 at 185,095. "Our review encompasses the complaint, matters integral to the complaint, the case record, and the contractor's claim submitted to the contracting officer." *Samho Enterprise*, 25-1 BCA ¶ 38,891 at 189,304. In this case, appellant's complaint clearly identified it was seeking payment for Invoice #00F4.[4] Appellant labels its second claim in its complaint as, "Allegation Two: Payment for Invoice #00F4 and incomplete work" (compl. ¶ 2). We find appellant has sufficiently met the sum certain requirement for its unpaid invoice claim.

3. Appellant Failed to Prove Entitlement

Appellant, however, has failed to establish it is entitled to payment for its unpaid invoice claim. The contract incorporated by reference FAR 52.212-4(a) (NOV 2023) (R4, tab 14 at 197). Under that clause, the government had the right to inspect and reject nonconforming services. The government is generally entitled to

---

[4] We note appellant adopted its "Notice of Appeal" as its complaint.

enforce strict compliance with the contract requirements and require correction of nonconforming work. *See A.D. Roe Company, Inc.*, ASBCA No. 48782, 99-2 BCA ¶ 30,398 at 150,287. Here, the government requested Lift Up Trucking correct the nonconforming services by finishing the uncompleted lawn maintenance (R4, tab 21 at 222). Lift Up Trucking refused to complete the job (R4, tab 22 at 233). The contracting officer subsequently properly denied payment to appellant on Invoice #00F4 since the services Lift Up Trucking provided were nonconforming and it refused to correct them.

The government bears the burden of proving that the work it rejected and required the contractor to correct did not conform to the contract requirements. *See Fraton, Inc.*, ASBCA No. 32935, 87-1 BCA ¶ 19,613 at 99,221. The photographic evidence submitted in the record clearly shows the work was defective. The day after appellant allegedly performed the summer grounds maintenance services, the government COR took multiple pictures of the building grounds (R4, tab 44 at 484-90). These pictures show appellant failed to remove weeds in multiple areas of the mulch beds (R4, tab 44 at 484-90), left behind debris or trimmings (*id*. at 484-86) and failed to trim the shrubs, hedges and other plants (*id*. at 484-85). Moreover, appellant's own pictures submitted in support of the invoiced work appear to show weeds in the mulch and untrimmed bushes and trees (although it is difficult to determine the condition of the grounds from these pictures since they were taken from a distance) (R4, tab 44 at 479-83). Finally, Lift Up Trucking appears to acknowledge that it did not complete the work when it informed the COR in its June 24, 2025, email that it would not resume the work until the tick infestation had been addressed (R4, tab 22 at 233). The government has established Lift Up Trucking did not provide conforming contract services and is therefore not entitled to the payment for any services billed under Invoice #00F4.

## CONCLUSION

Appellant's first and third appeal claims are dismissed. Appellant's claim for the unpaid invoice is denied.

Dated: January 27, 2026

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 64346, Appeal of Lift Up Trucking, LLC, rendered in conformance with the Board's Charter.

Dated:  January 27, 2026

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals